## In re JACOBS & ROSNER.

(District Court, S. D. Florida. December 19, 1922.)

### No. 2148.

1. Bankruptcy ⟨key⟩381—Composition not invalidated because acceptances of offer were obtained before bankrupts' examination.

   That acceptances of an offer of composition were obtained before bankrupts' examination does not justify refusal of confirmation, where fraud is not charged.

2. Bankruptcy ⟨key⟩377—Attorneys may sign acceptances of offer of composition.

   Acceptances of an offer of composition, signed by attorneys representing creditors, are sufficient, in the absence of objection by the clients.

3. Bankruptcy ⟨key⟩381—Objections to confirmation of composition held too general.

   Objections to confirmation of a composition, accepted by a majority of creditors in number and amount, on the grounds that bankrupts have failed to account for a large amount of their property, that they fraudulently concealed assets, and that they have given secret advantages to certain creditors, without specifications, are too general to be considered.

In Bankruptcy. In the matter of Jacobs & Rosner, bankrupts. On motion to strike objections to confirmation of composition. Motion granted.

Watson & May, of Jacksonville, Fla., for objecting creditors.
George M. Powell, of Jacksonville, Fla., for bankrupt.

CALL, District Judge. This cause comes on for a hearing upon the objections to the confirmation of composition filed by four creditors, Joyner-Witz Company, Buster Brown Hosiery Mills, Perfect Belt Manufacturing Company, and Langenberg Hat Company. These objections were subsequently amended adding to the third objection the words "with intent to conceal their true financial condition."

[1, 2] Motion was made to strike these objections on various grounds. The first objection is that: (a) The acceptances were procured before the bankrupt was examined; and (b) the acceptances were not signed by creditors or their duly authorized agents. The record shows an examination of the bankrupts at a meeting of creditors, and also that while these acceptances were apparently made before such examination no action was taken upon them until such meeting and examination. I am of opinion that procuring such acceptances before making such offer of composition and examination is not such act as would justify the court in refusing confirmation, unless such procurement was through fraud and this is not charged. As to (b) subdivision of said objection, all the accepting creditors appear to have been represented by practicing attorneys of this court, and this is sufficient in my judgment. These accepting creditors are not complaining. The motion to strike the first objection will be granted.

[3] The second objection is that the composition is against the best interest of the creditors. The contention under the objection is: (a) That it will require only about $12,000 to pay composition when the

schedule show some $25,000 in stock; and (b) that the record shows the bankrupts have failed to account for a large amount of their property.

As to the first contention, the offer is 25 per cent., which was accepted by a majority in number and amount of the creditors. It is extremely doubtful whether the bankrupt stock would sell for more at a trustee's sale. I do not, therefore, think any such contention is valid. As to the contention (b), it is entirely too general in language and seems to be based upon the differences in the purchases made by the bankrupt and the amount of stock in the schedules. This is not sufficient for this court to refuse confirmation of the composition. The motion to strike the second objection will be granted.

The third objection is based upon three acts charged which if true would bar the discharge of the bankrupts, which automatically follows the confirmation of the composition. These are: (a) They failed to keep books of account from which their true financial condition might be ascertained. (b) They made false oaths to their schedules. (c) They have fraudulently concealed assets.

(a) was subsequently amended by adding the words above noted, which made the objection comply with the law. Does the record show that the failure to keep books was with intent to conceal their true financial condition? I think not. It seems to me that the explanation offered negatives such intent.

The ground (b) seems to be based upon the discrepancy in the amount of a bank account. I do not think such facts indicate a willful false oath, but it impresses me as being a mistake.

The ground (c) is based upon the differences in goods bought and amounts shown in the schedules, and what I have said as to (b) under the second objection applies equally to this subdivision of objection 3.

The fourth objection is that the composition is not offered in good faith. Three reasons are urged in support of this objection: (a) The entire course of conduct of the bankrupts is consistent only with an intent to keep their creditors in ignorance and to defraud them by concealment of their assets. (b) That they have given secret advantages to certain creditors. (c) The acceptances were procured prior to their examination.

(a) is general, without specification, and not sustained by the record produced. (b) is general, without specifying what advantages were given, and to which creditors given. This is entirely too general to prevent confirmation. (c) I have passed upon above under the first objection.

I am of opinion that the motion to strike the four objections filed should be granted. It will be so ordered.