## In re NORTH EASTERN SHOE CO.
### No. 3710.

District Court, D. Maine, N. D.
July 22, 1931.

Walter M. Espovich, of Haverhill, Mass., for bankrupt.

John M. Fogarty, of Lynn, Mass., for some of the creditors.

PETERS, District Judge.

This matter was heard by me on objections to the granting of an application for confirmation of a composition offered by the alleged bankrupt and accepted by a large majority of its creditors.

By petition dated April 28, 1931, the alleged bankrupt represented "that a composition of 20% upon all unsecured debts not entitled to a priority, payable in cash, in satisfaction of its debts, will be proposed by it to its creditors before adjudication, as provided by the acts of Congress," etc., and prayed that a meeting of its creditors be called to act upon said proposal for a composition before adjudication. The alleged bankrupt filed its schedule of property and list of creditors on April 29, 1931. On May 8, 1931, the court entered an order staying adjudication and ordering the referee to call a meeting of creditors to consider a proposed offer of composition to be made by the alleged bankrupt, and to take other necessary preliminary steps. By the report of the referee filed June 20, 1931, and by the other records in the case, it appears that by notice dated June 1, 1931, a meeting of creditors was duly called for June 17th, for the allowance of claims, examination of the bankrupt, preservation of the estate, and "to consider a composition offer of 20% in cash." Meeting was duly held and presided over by the referee, who reports in detail that the alleged bankrupt, through its treasurer, was examined in open court at said meeting; that a majority of all creditors whose claims were allowed, viz., seventy-eight in number representing claims aggregating $31,019.80, accepted in writing alleged bankrupt's offer of composition; that five creditors, with claims of $4,669.82, stated in writing that they wished to remain neutral; and that fifteen creditors, representing indebtedness of $2,426.85, voted to reject the offer of composition.

It appearing that a large majority of creditors whose claims had been allowed, representing also a large majority in amount of claims, had accepted in writing the composition offer, and that the consideration to be paid by the bankrupt, and the money necessary to pay all debts which have priority, and the costs of the proceedings had been duly deposited as required, an application for confirmation of the composition was in order, and on June 20, 1931, the alleged bankrupt filed such an application representing that it had been examined at a meeting of its creditors and had filed its schedules, list of creditors, had offered terms of composition, which terms had been accepted by a majority in number and amount of creditors, that the consideration necessary had been deposited, and asking that the composition should be confirmed.

A date and place with reference to the convenience of the parties having been fixed, and the hearing having been had, the judge is directed by statute to confirm the composition under the situation presented, if satisfied (1) that it is for the best interest of creditors; (2) that the bankrupt has not been guilty of any acts which would bar a discharge; and (3) that the offer and acceptance are in good faith.

Numerous objections to the confirmation of the composition, many of which have no legal bearing upon the question, include allegations which might be considered under (2) and (3) above, but the referee has reported that the alleged bankrupt was not guilty of any acts which would bar a discharge, and that the offer and acceptance were in good

faith, and neither the evidence produced before me at the hearing nor a review of the evidence before the referee causes me to question the conclusions of the referee in that respect, and I find that the bankrupt has not been guilty of any acts which would bar his discharge, and that the offer of composition and its acceptance were in good faith and not made or procured by any forbidden means, promises, or acts.

The only evidence of bad faith in the case is on the part of one of the only two named creditors opposing this composition. It was testified at the hearing, without contradiction, that one of these creditors had offered to abandon his opposition to the composition if the alleged bankrupt would pay him 100 per cent. of his claim, the amount of it as claimed by the creditor being less than $400, and as claimed by the debtor to be about $150. The claim was not proved, although offered for proof at the time of the hearing. The other named creditor represented by the objections was one whose claims had been proved and allowed for $581. The action of the officers of the alleged bankrupt in rejecting such a fraudulent proposal is to be commended and naturally strengthens one's belief in their good faith.

I am also clearly satisfied, as was the referee, and as well as a very large majority of creditors, both in number and amount, that it is for the best interests of the creditors that the composition be confirmed.

The principal objection made by the objecting creditors is a technical one looking to the legality of the proceedings. It is claimed that the language of the statute was not complied with, in that the alleged bankrupt offered terms of composition to creditors before it has been examined in open court or at a meeting of its creditors.

The facts, in addition to those mentioned above, as to the routine of the proceedings, appear to be that, immediately after the petition of the alleged bankrupt of April 28, 1931, stating that composition offer would be made to its creditors, had been filed, the alleged bankrupt, through its representatives, sent out letters to its creditors stating that "the North Eastern Shoe Co. is making an offer in composition of 20% to all its creditors," and expressing an opinion, based on reasons given, that it would be for the best interest of creditors to accept the offer, and that acceptances were procured in advance of the meeting to consider the composition. The record shows these acceptances to have been made on printed forms with dates during May and June, 1931, all having this clause incorporated; "This acceptance however to be effective only after such alleged bankrupt shall be examined in open court."

The wording of the statute to the effect that terms of composition may be offered, after, but not before, the debtor has been examined in open court, is pointed out as well as a case in the District Court of New York, in Re Berler Shoe Co., 246 F. 1018, in which it was held that a composition should be rejected because it was offered to the creditors before the bankrupt was examined in open court and had filed in court his schedules. In that case, however, there never was any examination of the bankrupt before the composition was approved and confirmed, so the court had no authority under the law to confirm a composition. In a later case in the Circuit Court of Appeals of New York, in Re Jablow, 15 F. (2d) 131, 132, that court says: "There is no prohibition in the law against procuring acceptances in advance of a meeting to consider a composition. In Re Berler Shoe Co., 246 F. 1018, a District Court decision, relied upon by the appellant, there was no examination of the bankrupt in open court before the consents were obtained and the composition approved and confirmed. Such practice was there disapproved. The evidence in this case, to the effect that there was such an examination, makes the case at bar distinguishable from the principle there announced."

It is also held in the case In re Jacobs & Rosner (D. C.) 285 F. 443: "The record shows an examination of the bankrupts at a meeting of creditors, and also that while these acceptances were apparently made before such examination no action was taken upon them until such meeting and examination. I am of opinion that procuring such acceptances before making such offer of composition and examination is not such act as would justify the court in refusing confirmation, unless such procurement was through fraud and this is not charged."

The proceedings in the instant case were substantially in accord with the procedure in this district for a long time past. A consideration of all the proceedings does not show that anything has been done in contravention of the statute. The forms used were those provided in the General Orders, and they contemplate a proposal of a composition before any meeting is called. Form No. 60 (11 USCA § 53). There is no prohibition and no objection to debtor communicating with creditors in regard to his offer and procuring

conditional acceptances. These are presumed to be held open and may be withdrawn if the examination of the debtor discloses a valid reason for so doing. For convenience, and to save delay and expense, one meeting is called instead of several, and at this meeting, after debtor has been examined, and any other necessary steps taken, the proposal of a composition, the nature of which has been communicated to creditors and to the court, and which, in this case, happens to have been the subject of correspondence between the debtor and its creditors, and the subject of conditional acceptances, ripens into a statutory offer of terms of composition which is in order for consideration and may be then accepted or rejected by creditors. In this case creditors were content to let their written acceptances stand, and the offer was thus accepted.

I can find no substantial merit in the objection made to this composition, and it is ordered confirmed.