## In re JABLOW.

### Petition of INGOMAR GOLDSMITH & CO.

(Circuit Court of Appeals, Second Circuit.
November 1, 1926.)

No. 54.

1. Bankruptcy ⊚⟾375.

Requirements of Bankruptcy Act, § 12 (Comp. St. § 9596), that alleged bankrupt be examined and file his schedules before making formal offer of composition, are substantial.

2. Bankruptcy ⊚⟾375—Statute held not to require completion of examination of bankrupt before offer of compromise is made, but examination must be sufficient (Bankruptcy Act, § 12 [Comp. St. § 9596]).

Requirement of Bankruptcy Act, § 12 (Comp. St. § 9596), that bankrupt be examined in open court or at meeting of creditors before making offer of composition, does not mean that examination must be completed, but there must be sufficient examination.

3. Bankruptcy ⊚⟾384.

Burden of establishing insufficiency of examination of bankrupt before offer of compromise, under Bankruptcy Act, § 12 (Comp. St. § 9596), is on creditor objecting to compromise.

4. Bankruptcy ⊚⟾377.

Bankruptcy Act, § 12 (Comp. St. § 9596), does not prohibit procuring creditors' acceptances of compromise in advance of creditors' meeting to consider compromise.

5. Bankruptcy ⊚⟾384—Referee's refusal of continuance to creditor objecting to composition before adjudication, requested solely to accommodate engagements of counsel, held not abuse of discretion (District Court rule 14; Bankruptcy Act, § 12 [Comp. St. § 9596]).

Under District Court rule 14, referee's refusal of continuance to creditor objecting to compromise before adjudication under Bankruptcy Act, § 12 (Comp. St. § 9596), requested solely to accommodate engagements of counsel, in absence of evidence supporting objections, or promise of new proof supporting objections at proposed adjourned date, was not abuse of discretion.

Petition to Revise Order of and Appeal from the District Court of the United States for the Southern District of New York.

See, also, 15 F.(2d) 132.

Goldsmith & Fraenkel, of New York City (Walter M. Goldsmith, of New York City, of counsel), for appellant.

David E. Singer, of New York City, for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The petition in bankruptcy was filed September 18, 1925. Schedules were filed, showing amounts and names of creditors. In October, 1925, the bankrupt sought, by obtaining the consents of his creditors, to obtain a 15 per cent. cash composition before adjudication. Thirty-nine out of 103 creditors gave consent. Notice of intention to offer the composition was given, and November 17, 1925, was fixed by the court for a meeting of the creditors and examination of the bankrupt and of the terms of the composition. The meeting was held, consents were filed, and the referee found that the requisite number of creditors' consents were obtained, and, finding that the requirements of the Bankruptcy Act had been complied with, he later approved the composition. Specifications of objections were filed by the appellant, but they were not supported by proof, and the special master's report, after notice, was approved by the court below.

The appellant argues that the order was erroneously entered, because the consents of creditors were obtained before, and not after, the examination of the bankrupt and the meeting of creditors as required by section 12 of the Bankruptcy Act (Comp. St. § 9596). That section provides:

"Sec. 12. *Compositions, When Confirmed.*—A bankrupt may offer, either before or after adjudication, terms of composition to his creditors after, but not before, he has been examined in open court or at a meeting of his creditors, and has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts. In compositions before adjudication the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt, and preservation or conduct of estates, at which meeting the judge or referee shall preside; and action upon the petition for adjudication shall be delayed until it shall be determined whether such composition shall be confirmed."

[1] From reading the statute, it will be seen that there are two requirements which must be met: First, that the alleged bankrupt shall have been examined; and, second, that he shall have filed his schedules before making the formal offer of composition. These requirements are substantial. They were sub-

stantially complied with, if not fully, as this record indicates. The creditor's witness, Frier, testified that proofs were prepared and an investigation of the books made, and the bankrupt was interviewed by creditors. He also says an order for examination under section 21a of the Bankruptcy Act (Comp. St. § 9605) was obtained, and thereafter various examinations (two or three) were had and testimony taken. It was after this that the negotiations were entered into for a composition.

[2-4] The act requires that the bankrupt be examined in open court, or at a meeting of his creditors, before making an offer of composition. Not only was there such an examination, but the creditors' committee also examined him. Examined in open court or at a meeting of creditors 'does not necessarily mean that an examination of the bankrupt must be completed, but there must be a sufficient examination. Collier on Bankruptcy (13th Ed.) 440. The burden of establishing that the examination was not sufficient is on the appellant. Matter of Gottlieb (C. C. A.) 262 F. 730; In re Miller, 212 F. 920, 129 C. C. A. 440. There is no prohibition in the law against procuring acceptances in advance of a meeting to consider a composition. In Re Berler Shoe Co., 246 F. 1018, a District Court decision, relied upon by the appellant, there was no examination of the bankrupt in open court before the consents were obtained, and the composition approved and confirmed. Such practice was there disapproved. The evidence in this case, to the effect that there was such an examination, makes the case at bar distinguishable from the principle there announced.

[5] Complaint is made of a refusal to grant a continuance after this appellant had called witnesses, who testified that nothing improper occurred in obtaining the consents, and that the offer of composition was entirely appropriate. It is argued that it was an abuse of discretion to deny the appellant's application. In the evidence adduced at such hearings, there was nothing to support the objections nor were there promises of new proof which would support the objections at the proposed adjourned date. The excuse for postponement was to accommodate professional engagements of counsel. The refusal of the referee to be thus accommodating is not such an abuse of discretion as constitutes an error of law. Rule 14 of the District Court for the Southern District of New York is aimed against unreasonable delays in carrying on and completing hearings before special masters, and for such delays "a motion may

be made by either party to dismiss the petition or the specification."

The objection that the composition should have been refused, because excessive counsel fees were allowed, is likewise insufficient. The rule of the District Court (rule 2) permits the referee to allow the attorney for the receiver or for the trustee no more than twice the amount of the referee's or trustee's commissions; but he may recommend to the judge such added sum as he thinks just, which the judge, on application, may allow in whole or in part. The exercise of discretion of the referee in this instance met with the approval of the District Judge, and the recommendation was accepted and acted upon. We will not disturb it.

The other points argued we deem unnecessary of consideration in this opinion.

Order affirmed.