## In re JABLOW.

### Petition of BROAD & MARKET NAT. BANK.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

#### No. 18.

**1. Bankruptcy ⬤⟲377.**

Creditor, consenting in writing to composition before adjudication, has burden of proving that there was no examination in open court or meeting of creditors, or that schedules were not filed before offer was made, as required by Bankruptcy Act, § 12 (Comp. St. § 9596).

**2. Bankruptcy ⬤⟲377.**

Written consents by creditors to composition with bankrupt before adjudication will not be withdrawn with court's approval, in absence of fraud or misrepresentations in their procurement.

Petition to Revise Order of and Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Jacob M. Jablow, trading as J. M. Jablow & Co., alleged bankrupt. A motion of the Broad & Market National Bank to strike out consents of creditors to an offer of composition was denied, and it petitions to revise. Order affirmed.

Goldsmith & Fraenkel, of New York City (Walter M. Goldsmith, of New York City, of counsel), for appellant.

David E. Singer, of New York City, for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The Broad & Market National Bank consented to the com-

position referred to in this bankruptcy proceeding, which is the subject of consideration in appeal No. 54 decided this day. 15 F. (2d) 131.

[1] The argument presented is·that the order here reviewed improperly denies this creditor's petition to vacate the referee's certificate of conformity in respect to the composition and to strike out its written consent thereto. It is that section 12 of the Bankruptcy Act (Comp. St. § 9596) prohibits the procurement of consents to an acceptance before a meeting of creditors or examination of the bankrupt. This record is barren of proof as to whether or not the bankrupt was examined or had filed his schedules. Having consented in writing and now asking relief therefrom, this appellant bears the burden of establishing that there was (a) no examination in open court or a meeting of creditors, or (b) that schedules were not filed before the offer was made. This burden it has not sustained.

[2] Consents given in writing will not be withdrawn with the court's approval, in the absence of fraud or misrepresentations in their procurement. In re Levy (D. C.) 110 F. 744. There is no proof of fraud or misrepresentation in this record. · The appellant must therefore be held to its·consent thus solemnly given.

Order affirmed.