**SHEEHAN & EGAN, Inc., et al. v. NORTH EASTERN SHOE CO.**

No. 2597.

Circuit Court of Appeals, First Circuit.
Nov. 21, 1931.

John M. Fogarty, of Lynn, Mass. (H. Ashley Bowen, of Lynn, Mass., on the brief), for appellants.

Walter M. Espovich, of Haverhill, Mass., for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is a petition for leave to appeal from an order of the District Court for Maine in a proceeding in bankruptcy. The appeal was allowed by this court October 19, 1931.

It appears that on April 10, 1930, Sheehan & Egan, Inc., and two other creditors filed a petition in bankruptcy against the North Eastern Shoe Company; that about a year later, on April 29, 1931, the shoe company filed a petition in the District Court stating that "a composition of 20 per cent upon all unsecured debts not entitled to priority, payable in cash, in satisfaction of its debts will be proposed by it to its creditors before adjudication," and praying "that a meeting of its creditors may be duly called to act upon said proposal for a composition before adjudication;" and that on that day it filed a schedule of its property and list of creditors.

May 8, 1931, the District Judge entered the following order on this petition:

"It is ordered, that this matter be referred to Ralph E. Mason, Esq., of Ellsworth, Maine, referee, as special master for the purpose of calling a meeting of creditors to consider the proposed offer of composition to be made by the alleged bankrupt, and to do each and every other thing necessary in and about carrying out said offer of composition," and staying adjudication "until said offer of composition be either confirmed or rejected by the court."

June 1, 1931, the referee sent a notice to the creditors of the North Eastern Shoe Company stating:

"Notice is hereby given that a petition has been filed against the above named North Eastern Shoe Company, and that a special meeting of its creditors will be held on the 17th day of June, 1931, at ten a. m., at the Counsel Chambers, City Hall, Waterville, in said district, at which time and place the creditors may attend, for the allowance of claims, examination of the bankrupt, preservation or conduct of the estate and to consider a composition offer of twenty per cent in cash upon all unsecured claims not entitled to priority, and to transact such other business that may properly come before said meeting."

On May 1, 1931, the day following the filing of the petition requesting a meeting of creditors to consider a composition and prior to the order of the court thereon of May 8, 1931, the North Eastern Shoe Company, by Clyde H. Smith, its treasurer, sent to each of its creditors a letter stating:

"The North Eastern Shoe Company is making an offer in composition of twenty (20%) per cent to all its creditors, which in my opinion and in the opinion of those who have interested themselves in the case, is all that could possibly be realized from the assets of the North Eastern Shoe Company, as is plain to be seen by the enclosed statement. Immediate acceptance on the part of a majority of the creditors will mean that the dividend will be distributed at once, without further impairment of assets and without expense to the creditors. To that end and for that purpose, I am enclosing herewith a proof of claim together which an assent to the composition offer, and would thank you to sign the proof of claim, annex a statement of your account to it, and have the same acknowledged before a notary public, who should affix his seal; also sign the assent and return both of them to me at once so I may be in possession of a majority of the assents of creditors."

The form of assents inclosed in each letter were alike. One of them sent to and signed by a creditor reads as follows:

"We the creditors whose signatures, residences, claims, and the amount at which the same have been allowed, are hereafter set out, do hereby accept the offer of composition at twenty (20%) percent made herein by the North Eastern Shoe Company, the above-named alleged bankrupt, on the fifth day of May, 1931, this acceptance, however,

to be effective only after such alleged bankrupt shall be examined in open court.

Signature of Creditors.    Residences.    Debts Allowed.

Summit Thread Co.    Boston, Mass.    $151.83."

On October 6, 1931, when the petition for leave to appeal came on to be heard in this court, "it was stipulated by counsel in open court that there had been no examination of the alleged bankrupt prior to the sending of the notices to creditors of the composition offer with form of proof of claim and assent."

On June 17, 1931, pursuant to the above notice of the referee, a meeting of creditors was held. At this meeting the bankrupt, through its treasurer, was examined in open court. A majority of all creditors whose claims were allowed, viz. 78 in number representing claims aggregating $31,019.80, had assented in writing to the bankrupt's offer of composition; five creditors with claims of $4,639.82 stated in writing that they wished to remain neutral; and fifteen creditors representing indebtedness of $2,426.85 voted to reject the offer of composition.

On June 20, 1931, the bankrupt filed an application asking that the composition be confirmed. A time and place for hearing thereon having been fixed, a hearing was had before the District Court. Upon the evidence produced at that hearing and a review of the evidence before the referee, the court found that the bankrupt had not been guilty of any acts which would bar his discharge; that the offer of composition and its acceptance were in good faith, and not made or procured by any forbidden means, promises, or acts, and that it was for the best interests of the creditors that the composition be confirmed. Having found the above facts, the court ruled that a consideration of all the proceedings did not show that anything had been done in contravention of the statute providing that a bankrupt may offer terms of composition to his creditors, after, but not before, he has been examined in open court or at a meeting of his creditors (section 12a of the act, 11 USCA § 30(a); and that there was no prohibition or objection to a debtor communicating with creditors in regard to his offer and procuring conditional acceptances.

Having thus ruled, the court ordered the composition confirmed, and this appeal was taken.

From the foregoing it clearly appears that an offer of composition was made before the examination of the bankrupt was had; that the offer of composition was made to creditors on May 1, 1931, and that the examination was not had until June 17, 1931, in response to the notice sent to creditors June 1, 1931; and the parties have stipulated "that there had been no examination of the alleged bankrupt prior to the sending of the notices to creditors of the composition offer," on May 1, 1931.

■ When this case was previously before us [47 F.(2d) 487, 488], it appeared that on June 11, 1930, a hearing was had before the District Court on the bankrupt's answer to the petition in bankruptcy, in which it simply denied that it had committed the act of bankruptcy set forth in the petition or that it was insolvent; and, because the bankrupt's treasurer testified at that hearing upon the issues raised by the answer, it is now for the first time contended that an examination of the bankrupt, within the meaning of section 12a, was had on June 11, 1930, in open court. This contention is without merit. The examination contemplated by section 12a is not the giving of testimony by a bankrupt, or its treasurer, as a witness on the question of solvency or the commission of an act of bankruptcy charged in an involuntary petition, but an examination to which the bankrupt is required to submit by section 7a (9), 11 USCA § 25(9) which provides:

"Sec. 7(a). The bankrupt shall * * * (9) when present at the first meeting of his creditors, and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate." See In re Back Bay Automobile Co. (D. C.) 158 F. 679.

The main questions raised on this appeal are whether the District Court should have refused confirmation, either (1) because an offer of composition was made to creditors by the bankrupt before it was examined in open court or at a meeting of its creditors, or (2) because the assents thereto were procured before the alleged bankrupt had been examined in open court or at a meeting of its creditors.

In section 12a of the Bankruptcy Act it is provided:

"Sec. 12a. A bankrupt may offer, either before or after adjudication, terms of composition to his creditors, after, but not before, he has been examined in open court or

at a meeting of his creditors, and has filed in court the schedule of his property and the list of his creditors required to be filed by bankrupts. In compositions before adjudication the bankrupt shall file the required schedules, and thereupon the court shall call a meeting of creditors for the allowance of claims, examination of the bankrupt, and preservation or conduct of the estate, at which meeting the judge or referee shall preside. * * * "

The language of the act—that a bankrupt may offer terms of composition after, but not before, he has been examined in open court or at a meeting of his creditors—is so specific that it does not call for construction. It speaks for itself. In this case there was a clear violation of this provision, for the letters of May 1, 1931, sent by the bankrupt to its creditors, offered terms of composition as plainly and unequivocally as an offer could be made. This offer not only was made before the examination contemplated by section 12a was had on June 17, 1931, but before the examination was had many and probably all of the acceptances had been obtained. It is true that the acceptances contained a provision that they were "to be effective only after such alleged bankrupt shall be examined in open court." But this does not alter the situation. There could be no acceptances, conditional or otherwise, without a previous offer of composition, and the previous offer was made on or about May 1, 1931, and long prior to the examination of the bankrupt.

█ The matters here in question were under consideration in Re Jablow (C. C. A.) 15 F.(2d) 131, 132, and in Re Berler Shoe Co. (D. C.) 246 F. 1018. In reading the decision in Re Jablow, it is necessary to keep in mind the distinction between making an offer of composition, or obtaining acceptances, before an examination of the bankrupt, and the making of an offer of composition, or obtaining acceptances, in advance of a meeting to consider a composition. In that case it was held that an offer of composition made before an examination of the bankrupt was in direct contravention of the statute (section 12a); but it was there said: "There is no

prohibition in the law against procuring acceptances in advance of a meeting to consider a composition." This is undoubtedly a correct statement of the law, but it contemplates that, prior to the meeting to consider composition, an examination of the bankrupt has been had. It does not mean that an offer of composition may be made and acceptances procured in advance of the bankrupt's examination, but only in advance of the meeting to consider composition.

Form No. 60 of the Forms in Bankruptcy (11 USCA § 53) is so drawn that it is applicable only where there has been a previous examination of the bankrupt, as contemplated in sections 12a and 7a (9) of the Bankruptcy Act. It may be more convenient and save time to have the offer of composition submitted for consideration at the meeting called for the examination of the bankrupt than to have two separate meetings; but, when such a course is taken, it is incumbent upon the bankrupt, in order to comply with section 12a, to see that he does not offer terms of composition to his creditors before his examination. Congress, in providing that an offer of composition should not be made before examination of the bankrupt, evidently did so in an endeavor to place the creditors in a position of understanding so they could fairly decide what course to pursue in regard to accepting or rejecting the offer, which they could not be presumed to occupy before the examination contemplated by the act was had.

█ By section 12d (3) of the act, 11 USCA § 30(d) (3), the judge is authorized to confirm a composition if, among other things, "(3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided." Such being the express provisions of the act and the bankrupt having violated section 12 (a) by offering terms of composition before examination, no other course was open to the District Court than to refuse confirmation.

The order of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellants recover costs of appeal.