## In re CLARK & WILLOW STREETS CORPORATION.

### No. 29242.

District Court, E. D. New York.
Oct. 19, 1937.

Hellinger & Reichart and Ehlermann & Crawford, all of New York City, for committee of promulgating certificate holders.

Samuel Markle, of New York City, for Towers first mortgage certificate holders' committee.

Simpson, Thacher & Bartlett, of New York City, for debtor.

GALSTON, District Judge.

The special master having reported pursuant to an order of the court concerning the examination of consents to a plan of reorganization, exceptions thereto have been filed by attorneys for the promulgating committee of certificate holders and by a certificate holders' committee, of which Samuel P. Frankel is chairman.

Dealing first with the exceptions filed by the first-named committee:

There is nothing in the Bankruptcy Act which permits withdrawal or revocation of consent except when a proposed change or modification to the plan of reorganization is to be considered subsequent to an acceptance by the creditors of the original plan. National Bankruptcy Act, § 77B, subd. (f) (U.S.Code, title 11, § 207, subd. (f), 11 U. S.C.A. § 207(f). No application has been presented to the court for the right to withdraw consents heretofore given and there has been no amendment or modification of the plan which is materially adverse to any creditor of the debtor. Accordingly, the aforesaid exception must be sustained. See Louisiana Oil Refining Corporation v. Continental Ins. Co. (C.C.A.) 89 F.(2d) 333; In re Jablow (C.C.A.) 15 F.(2d) 132.

The exceptions of the promulgating committee to the special master's report which sustained objections filed to the consents of stockholders Parissean, executor, etc., H. H. Phinney, Maud M. Krebs, Miriam Jones, R. S. Simons et al., Anna H. Stoeckart, and Edward Victor Gregson are also sustained. The Frankel committee had objected to these consents because of a technical failure to comply with the requirements of rule 77B-7 of the Rules in Bankruptcy of this court. A plan, however, should not fail because of such technical objection unless injustice results, particularly since those who do object are not in the same class of claimant. The consents were disregarded because in the execution the name of the county in the venue was omitted. For the purposes of the act it seems to me this defect should be disregarded. After all the important thing is whether the consent was in fact executed. Leave might very well have been granted to those who executed the consents to correct these nonessential defects. If the objection were to fraud or misrepresentation, or any objection of substance, a different result would have to prevail. But there is no indication in this entire record of any mistake, fraud, misrepresentation, or deviousness of any kind which induced the execution of consents filed by the promulgating committee of certificate holders. The exceptions of this committee are sustained.

The objections of the Frankel certificate holders' committee to the report of the special master, as was stated with commendable frankness by counsel for that committee at the hearing held on October 6, 1937, are technical only and are pressed only because of the dissatisfaction of that committee with the plan of reorganization. These objections relate, in the main, to the form of execution of the filed consents. The first objection is to the consent of Gustav Doll and Mary Doll, who hold a certificate in the sum of $5,500. The consent is executed by Gustav Doll alone. The objection is overruled. See In re Philadelphia Rapid Transit Company (D.C.) 11 F.Supp. 865, 866. The language of that decision is significant in the present proceedings: "The court or special master may, however, apply the principles of the affidavit of defense law by not requiring formal proofs of what is not in dispute but take this as admitted."

There is no dispute that this certificate is held by Gustav Doll and Mary Doll. The proof as filed certainly constitutes a prima facie case. This was subject to rebuttal by

the debtor or any objecting creditor if he saw fit to offer proof. The exception filed is overruled.

Another group of objections relates to acceptances not properly acknowledged or proved by a subscribing witness as required by rule of this court, rule 77B-7(6). There is no provision in the Bankruptcy Act itself which required acceptances to be acknowledged or proved by a subscribing witness, and it was not intended by this court that a situation should be created which would render it difficult for creditors to evidence their consent. It was well recognized that, in the reorganization of a corporation that had issued securities widely held and in great numbers, it would be difficult to procure consents duly acknowledged. This view is reflected in rule 40 of the Bankruptcy Rules of this court wherein failure to comply with any of the rules relating to consents under section 77B (11 U.S.C.A. § 207) shall be excused for noncompliance provided a petition be filed with the court stating adequate reasons why such compliance has not been or cannot be made.

In the instant case the wide distribution of securities is evidenced by the affidavit of Louis G. Kibbe, chairman of the committee of mortgage certificate holders, verified July 27, 1937. It therein appears that there are approximately 300 mortgage certificate holders residing in all parts of the state of New York, in Maine, Connecticut, New Jersey, Pennsylvania, Florida, Michigan, California, Oregon, and Washington, D. C., and in England and Switzerland. In addition there are approximately 2,500 voting trust certificate holders in all parts of the state of New York and in a majority of the other states of the United States as well as in foreign countries. In the circumstances our bankruptcy rule 40 applies, and noncompliance with rule 77B-7(6) should be and accordingly is excused.

The other exceptions of the Frankel committee are equally without merit, including that to consents signed by executors, testamentary trustees, and others acting in a fiduciary capacity. It is asserted that these consents are defective because proper proofs of appointment or designation have not been annexed to the consent. The affidavits of these fiduciary representatives recite that they are acting as such. Their reception by the special master constituted a prima facie case of authority to act. I find nothing in the Bankruptcy Act which requires that proof of authority to act be attached to the affidavits of fiduciary representatives.

All of the exceptions filed by the Frankel committee are accordingly overruled and the report of the special master, modified as hereinbefore stated, is confirmed.

Added to the consents heretofore filed will be that of St. Luke's Home for Aged Women, a certificate holder in the amount of $14,200, which makes a total of $827,-166.66 in consents filed by mortgage certificate holders.

There remains for consideration the question of affirmance of the plan of reorganization.

The overwhelming number of consents is a strong argument for approval by the court of the plan of reorganization. Nevertheless, at the hearing before the court on October 6, 1937, I directed the attention of counsel to a recently decided authority, In re Barclay Park Corporation (C.C.A.) 90 F. (2d) 595, on the ground that possibly it had application, so far as the present plan provides for a stock participation by the stockholders of the debtor corporation. A careful reading however, of the Barclay Case discloses quite a different situation from that which is presented herein. According to the plan here presented, certificate holders retain their first lien on the assets of the debtor for the principal amount of their claim and the accrued interest to the effective date of the plan. They also receive 80 per cent. in the stock of the corporation from the holders of the voting trust certificates. Clearly too it appears that stockholders herein are not preferred at the expense of creditors of the debtor. The allotment to the stockholders of the debtor would seem also to be justified by the decision in Re Georgian Hotel Corporation (C.C.A.) 82 F.(2d) 917, and Downtown Investment Association v. Boston Metropolitan Buildings (C.C.A.) 81 F.(2d) 314. See, also, J. S. Farlee & Co., Inc. v. Springfield-South Main Realty Co. (C.C.A.) 86 F.(2d) 931.

Moreover, there is no reason to believe, from the record in this case, that there is any alternative presented other than forced liquidation or foreclosure, for no other firm offer was made by any responsible party.

In the circumstances I hold the plan to be fair and accordingly approve it.

A decree in accordance may accordingly be entered. Settle such decree on notice.