**Newton D. BARTLE, Attorney in Fact for Creditors' Committee, et al., Petitioners-Appellants,**

**v.**

**MARKSON BROS. INC., Debtor,**

**and**

**New York Home Furnishing Corp., Debtor, Respondents-Appellees.**

**Nos. 135, 136, Dockets 27802, 27803.**

United States Court of Appeals Second Circuit.

Argued Nov. 27, 1962.

Decided March 5, 1963.

Laurence Sovik, of Smith & Sovik, Syracuse, N. Y., for petitioners-appellants.

William J. Mackay, Syracuse, N. Y., for Asher Markson and others, Holders of Debenture Notes.

Paul J. Shea, of Costello, Cooney & Fearon, Syracuse, N. Y., for respondents-appellees.

Samuel A. Arutt, New York City, for Creditors' Committee.

Before LUMBARD, Chief Judge, and CLARK and KAUFMAN, Circuit Judges.

CLARK, Circuit Judge.

This appeal questions district court judgments affirming orders of a bankruptcy referee which had confirmed plans of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799, of the two debtor corporations, Markson Bros. Inc. and New York Home Furnishing Corp. Appellants, the objecting creditors, attack the confirmations on two principal grounds: (1) the arrangements were not "for the best interests of the creditors," 11 U.S.C. § 766(2), because holders of debentures, which by contract were subordinate to the claims of the other unsecured creditors, were to be paid in full (15% in cash, the remainder in notes), while the other unsecured creditors were to be paid only 47½% in hand; and (2) the debtors have "failed to explain satisfactorily any losses of assets or deficiency of assets to meet [their] liabilities," 11 U.S.C. §

32(c) (7),[1] specifically with regard to transactions between the debtor, Markson,[2] and its parent, Son-Mark. While we do not sustain the creditors' first ground, since full disclosure of the debenture's subordinate status was made before acceptance was secured, we think there is merit to the failure-to-explain contention.

Markson Bros. Inc., a large retailer of furniture and house furnishings, operated stores throughout northern and central New York, centering its operations in Syracuse. Late in 1959 control of Markson, then a Dun and Bradstreet AAA–1 rated company, passed to Son-Mark Industries, Inc., of Philadelphia. Markson's financial troubles seem to date from that transaction; a year and a half later, on March 30, 1961, Markson filed its petition for arrangement under Chapter XI.

■■■ The Markson plan, as finally confirmed, called for immediate payment at the rate of 47½% of the claims of the general unsecured creditors. Holders of debenture notes were, however, treated as a different class. Despite a provision in the debenture contract that no payment was to be made on these notes until all other unsecured creditors were paid in full, the plan allowed the debenture holders 15% in hand and 85% in notes. The difference in treatment of various classes of creditors is authorized by 11 U.S.C. § 757(1). See Western Mesa Oil Corp. v. Edlou Co., 9 Cir., 143 F.2d 843, cert. denied 323 U.S. 786, 65 S.Ct. 279, 89 L.Ed. 627; 8 Collier on Bankruptcy 1067, 1071 (14th Ed. 1941). Differences in treatment must, however, be just and reasonably necessary to effectuate the arrangement. In re Hudson-Ross, Inc., D.C.N.D.Ill., 175 F.Supp. 111,

114; compare 8 Collier on Bankruptcy 1179 (14th Ed. 1941), dealing with the former "fair and equitable" requirement. But the creditors were advised of the subordinate status of the debentures before a majority of them gave their acceptances. Thus it seems that they thought it well to approve a plan giving them at once almost half of their claims, even though the plan also allowed eventual payment of subordinate creditors in full. This part of the plan strikes us as indeed doubtful. Since, however, the amount to be received under the plan of arrangement compares favorably with probable liquidation payments and since the creditors were fully informed in advance, we do not regard the referee's finding that the arrangement was in the best interests of the creditors as necessarily erroneous in law. See In re Bruce Hunt of Albany Corp., D.C.N.D.N.Y., 163 F.Supp. 939; In re Village Men's Shops, Inc., D.C.S.D.Ind., 186 F.Supp. 125, 127; 8 Collier on Bankruptcy 1167–1170 (14th Ed. 1941).

■■■ The referee confirmed the plan by order dated September 7, 1961. On that date, Attorney Sovik, appearing for the objecting creditors, filed written objections.[3] He not only challenged the difference in treatment of the two classes of unsecured creditors, but also contended that the debtor had failed to explain a loss of assets in the form of an uncollected loan to Markson's parent, Son-Mark, in the approximate amount of $1,-900,000. One of the grounds upon which confirmation of an arrangement must be denied is the debtor's failure to explain satisfactorily the loss or deficiency of assets. 11 U.S.C. § 32(c) (7), quoted above. Under § 32(c), whenever "reasonable grounds" are shown for believing that the debtor has committed an act

---

1. This section is made applicable to arrangements by 11 U.S.C. § 766(3).

2. The present proceeding also concerns the petition for arrangement filed by New York Home Furnishing Corp., a corporate affiliate of Markson. The two petitions were consolidated below and are subject to like considerations here.

3. Sovik appeared at an earlier confirmation hearing on August 17, and made oral objections. The referee overruled these objections and orally confirmed the plan. This "confirmation" was invalid, however, since the statutory requirement of a deposit, 11 U.S.C. §§ 761, 762(2), had not been met.

which would preclude a discharge, the burden shifts to the debtor to prove his innocence. See In re Tabibian, 2 Cir., 289 F.2d 793, 795. Here Markson's sudden and unexplained riches-to-rags descent from its position as one of the financially strongest concerns in the central New York area to that of a bankrupt company amply makes out the *prima facie* case required by the statute to shift the burden to Markson to explain the loss of nearly $2 million in a loan to its corporate parent—whose assumption of control of the debtor marked the start of the subsidiary's financial decline.[4] That Son-Mark itself was the subject of a bankruptcy proceeding in Philadelphia and that a cause of action against Son-Mark under New York corporation law, see N.Y.Stock Corp. Law § 59, may remain with Markson seem insufficient answer to the understandable inquiries of the objecting creditors. The referee cut off inquiry into the loan to Son-Mark, suggesting that that transaction was solely the concern of the Philadelphia proceeding. Markson must give further explanation, if such there be; and the case should therefore be remanded for this purpose.

 The objecting creditors also seek reversal of the referee's order of October 5, refusing to allow the withdrawal of acceptances of various creditors. It is obvious that an offer of a plan of arrangement (the modern successor of the old composition) must be promptly accepted before further deterioration of the debtor's financial condition makes it abortive; and hence it is said that creditors may not withdraw their acceptances except where fraud or misrepresentation is present. See In re Jablow, 2 Cir., 15 F.2d 132; 8 Collier on Bankruptcy 499–501 (14th Ed. 1941). But here obviously the creditors had not acted with full knowledge, since that is not yet available; and the doubts troubling us as to the disappearance of the assets may naturally give concern to the

creditors. On remand the tribunals below will have discretion to permit this phase of the matter also to be reopened should later acquired information point to the justice of this course. To require a precise showing of technical fraud may not be equitably just, and thus may overstate the law. See in accord Continental Ins. Co. v. Louisiana Oil Refining Corp., 5 Cir., 89 F.2d 333, 337, 338; and the full discussion in 8 Collier on Bankruptcy 499–501 (14th Ed. 1941).

Reversed and remanded.

---

4. All this was set out in Attorney Sovik's third written objection of September 7, 1961, which formed the basis of his fourth objection, viz., that the debtor had violated 11 U.S.C. § 32(c) (7).