Glenn D. BARTLE as Receiver of Markson Bros. Inc., now known as M B H, Inc., Plaintiff,

v.

Asher S. MARKSON, Defendant.
Civ. No. 10046.

United States District Court
N. D. New York.
Sept. 23, 1964.

Smith, Sovik, Terry, Kendrick, Mc-Auliffe & Schwarzer, Syracuse, N. Y., for plaintiff, Laurence Sovik, Syracuse, N. Y., of counsel.

Mackay & Caswell, Syracuse, N. Y., for defendant, William J. Mackay, Syracuse, N. Y., of counsel.

BRENNAN, District Judge.

The defendant moves to dismiss the complaint herein upon the grounds (a) that it fails to state a claim upon which relief can be granted; (b) lack of capacity in plaintiff to sue; (c) that a prior action is pending in the state court. In the event relief is not granted, the plaintiff seeks alternative relief requiring that the complaint be made more definite and that certain allegations thereof be stricken. The background of this litigation is extensive and confusing. The same will not be discussed beyond what is necessary for an understanding of this decision.

The lengthy fifty-nine paragraphed complaint seeks to recover from the defendant, a former officer, director and stockholder of Markson Bros. Inc., a money judgment which will represent "withdrawals, transfers and loans" from and by Markson Bros. Inc., alleged to have been illegally authorized by defendant in capacities referred to above. It is alleged that the illegal actions of the defendant, referred to above, are in violation of New York statutes, to wit: Sections 15 and 58 of the Stock Corporation Law, McKinney's Consol.Laws, c. 59, Section 60 of the General Corporation Law, McKinney's Consol.Laws, c. 23, Article 10 of the Debtor and Creditor Law, McKinney's Consol.Laws, c. 12, and in violation of Section 67 of the Bankruptcy Act. Additionally, it is further alleged that the withdrawals, loans and transfers of funds, referred to above, were intended to deceive the creditors of Markson Bros. Inc. so that in addition to the violations of the statute law, the complaint may have been intended to set forth a claim in fraud although it is doubtful that the details are properly alleged as required by F.R.Civ.P. 9(b).

The moving party's contention that the plaintiff lacks capacity to sue presents a serious question which will be first con-

sidered. A brief factual background will be set out below.

On March 31, 1961, Markson Bros. Inc. filed a petition for arrangement in this court under the provisions of the Bankruptcy Act. The proceeding was referred to the Referee in Bankruptcy who proceeded to administer the estate. The debtor was continued in possession and no trustee or receiver was appointed. On September 7, 1961 a plan, which provided for the payment to the general creditors of 47½% of their claims, was confirmed by the Referee. This court affirmed the order of the Referee. Upon appeal, the order was reversed and the matter was remanded for further evidence which would permit the debtor to explain the loss or deficiency of the assets. Bartle v. Markson Bros. Inc., 2 Cir., 314 F.2d 303. In the course of the subsequent proceedings before the Referee, an additional offer of 25% of the balance due the creditors was made in compromise of the proceedings required by the remand. The offer was accepted and on October 28, 1963 the Referee, by order, approved the compromise and in the resulting order specifically reserved to the general unsecured creditors all causes of action against the officers, directors and stockholders of Markson Bros. Inc. as provided in Section IV(b) of the Bankruptcy Act.

Prior to the above proceeding and on September 30, 1963, an action was brought in the Supreme Court of Onondaga County by Seibert Inc. in behalf of all creditors of Markson Bros. Inc., similarly situated, against the present defendant to recover a judgment on account of withdrawals, loans and transfers made by Markson Bros. under the authority of the defendant or with his consent and approval. This cause of action is similar to the cause of action with which we are presently concerned in this court. Prior to the institution of the present action in this court, an additional action was brought by Buckley Petroleum Products, Inc. and all creditors, similarly situated, in the Supreme Court of Onondaga County. This action likewise is in all respects similar to the present action in its allegations. The present defendant however was not made a defendant in the Buckley action which was brought against other former officers or directors of Markson Bros. Inc. and that corporation was also made an individual defendant in said action. Both of the above state court actions are pending in the Supreme Court of Onondaga County. The plaintiff in each of the above actions is represented by the same counsel who represents the plaintiff here.

Upon a motion made in the Supreme Court of Onondaga County in both of the actions referred to above brought in that court, it apparently developed that each claim of the individual creditors might have to be proved in the state court actions before a recovery could be had. Apparently to avoid this burden, application was made to the undersigned to reopen the bankruptcy proceeding with the apparent purpose of proceeding in bankruptcy court by way of a trustee or receiver who might intervene in the State Supreme Court actions and thereby avoid the burden of proof referred to above. Attention is now called to the above petition which alleges upon information and belief that Markson Bros. Inc. and the debtor "has no assets". Under such circumstances, it is doubtful that the application to reopen should be granted although it would appear that there was no necessity for such application since the bankruptcy proceeding had been officially closed. In any event, the application to reopen was granted and upon a further application to the Referee, the present plaintiff was appointed as a receiver and authorized to prosecute or defend any pending suit by or against the debtor or to commence and prosecute any action in behalf of the estate or its creditors. This action then followed.

The present complaint alleges that Solway's Furniture Inc. on or about December 28, 1961 acquired all of the assets of Markson Bros. Inc., the debtor in the above mentioned bankruptcy proceeding. If this allegation be correct and this court must take the pleadings as they are

found, then the receiver under no circumstance ever obtained sufficient ownership or control of the present alleged cause of action to maintain same. This allegation seems to be fortified by similar allegations found in the application to reopen and in the complaint in the state court action brought by Seibert Co., referred to above.

This phase of the controversy raised by the motion can be summarized by stating that the plaintiff, in the order appointing the receiver, was directed to take charge of the property of the debtor and the allegation of the complaint shows that there is no such property in existence. Under the circumstances, for practical purposes, the appointment is a nullity. Additionally, the authority in the above order of appointment to prosecute any action on behalf of creditors of the debtor must necessarily mean a cause of action which is owned by the debtor. This action, as understood by the court, is brought under the assumption that the plaintiff is acting as a receiver of the causes of action against the directors of the debtor which causes of action were especially reserved to the creditors under the order of the Referee of October 18, 1963. In other words, the plaintiff is here acting as a receiver of the creditors' claims. If this interpretation is correct, the plaintiff has no capacity to maintain the action and the complaint must be dismissed. The receiver cannot appropriate to himself a cause of action which is reserved both by order of the Referee and by the intention of the statute. Collier on Bankruptcy, 14th Ed. Vol. 1 at 651.

A word should be said as to the contention advanced by the moving party to the effect that the pending state court actions require the dismissal of the present complaint. It is true that the state court actions seek the same relief as sought here. The litigants in these actions, both plaintiffs and defendants, are however different and if the present action is maintainable, it cannot be barred for that reason, as a matter of law. The creditors may have as many judgments as they wish but are entitled to a single satisfaction.

As a practical matter, there should be only one litigation designed to afford the creditors relief; otherwise we may face duplication of expensive and time-consuming pretrial proceedings. The present plaintiff has sought to intervene in the state court actions and the request was denied with leave to renew because the proposed pleading was not presented with the moving papers so that it appears to be recognized that a single litigation is the most effective vehicle with which to obtain an ultimate disposition. The state court actions have reached the stage where the sufficiency of the pleadings upon several problems involved therein has reached the stage where same are to be considered in an appellate court. Many other problems, apparent from the pleadings which are referred to in the moving papers, are not passed upon in this decision, the majority of which may better be decided in pretrial proceedings.

■ The decision here rests upon the conclusion that the plaintiff has no capacity to sue since he has no ownership or control of the asserted claim for relief.

■■ Since counsel for the plaintiff has filed an affidavit in opposition to this motion and records of the State and Bankruptcy Courts have been received, all of which have been considered by this court, the motion will be considered one for summary judgment according to the provisions of Rule 12 F.R.Civ.P. and for the reasons set forth above, a summary judgment, dismissing the complaint, is granted, and it is

So ordered.