◼ BUCKLEY PETROLEUM PRODUCTS, INC., and All Other Creditors Similarly Situated, et al., Appellants, v. JOSEPH SCHWARTZ et al., Respondents. (Action No. 1.) O. W. SEIBERT COMPANY, INC., et al., Appellants, v. ASHER S. MARKSON, Respondent. (Action No. 2.) — Appeal unanimously dismissed, without costs as academic. (Appeal from order of Onondaga Supreme Court, settling the record on appeal.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.

◼ BUCKLEY PETROLEUM PRODUCTS, INC., and All Other Creditors Similarly Situated, et al., Appellants, v. JOSEPH SCHWARTZ et al., Respondents. (Action No. 1.) O. W. SEIBERT ·COMPANY, INC., et al., Appellants, v. ASHER S. MARKSON, Respondent. (Action No. 2.) — Order entered April 21, 1964 insofar as appealed from, and judgment entered May 14, 1964 unanimously reversed on the law and facts and in the exercise of discretion, without costs of these appeals to any party, and motions remitted to Onondaga County Special Term for reconsideration, redetermination and the entry of proper orders in accordance with memorandum. Memorandum: The complaints in these actions present another facet of the facts surrounding the financial troubles of Markson Bros., Inc., which in 1959 had a Dun and Bradstreet rating of AAA-1, and underwent a " sudden and unexplained riches-to-rags descent from its position as one of the financially strongest concerns in the central New York area to that of a bankrupt company" (*Bartle* v. *Markson Bros.*, 314 F. 2d 303, 306; see, also, *Bartle* v. *Markson*, 340 F. 2d 30). The complaints herein seek judgment for the full amounts of the claims of certain creditors of the bankrupt crediting thereto 47½% paid pursuant to a plan of arrangement under chapter XI of the Bankruptcy Act (U. S. Code, tit. 11, §§ 701–799). Plaintiffs in both actions moved for various relief including requests for an order to strike certain affirmative defenses in the answers interposed by individual defendants in both actions and for partial summary judgment against defendants in both actions. In the action brought by Buckley Petroleum Products, Inc., and others, defendant, Schwartz, moved for summary judgment dismissing the complaint. It is difficult to describe with brevity the chaotic record that has been produced before this court. The decision of Special Term listed some 13 separate and distinct holdings each of which in summary fashion vitally affected the progress of the litigation. The order entered thereon contains in the ordering paragraphs this identical summary of the decision of Special Term. Thereby, portions of the motion to dismiss certain affirmative defenses are granted but the defenses are not dismissed. Instead of granting leave to serve amended complaints the pleadings are amended in the order in the abbreviated and summary language of the decision. We are not informed whether a successful or an unsuccessful party prepared the order but it fails to comply with the first principles of an understandable and reviewable order. Special Term on its own initiative should have refused to sign this order, inadequate and improper as it was both as to form and substance. All of this carried over into the preparation of a record on appeal. On motion to resettle the record Special Term has stricken therefrom a substantial portion thereof. In essence the appeal from the order deny-

ing resettlement presents a factual issue as to whether certain papers (including the summons in the Seibert action) were or were not before Special Term at the time it decided the motions. The summons in the Seibert action listed as plaintiffs that company and some 110 other named individuals, partnerships and corporations. The title on the complaint listed as plaintiffs the Seibert Company " et al., and on behalf of all other creditors of Markson Bros., Inc., similarly situated." The summons has been stricken from the record because it was not before Special Term. In so doing it was stated that " the court would not have written several paragraphs in its decision concerning the question of derivative and class actions if each plaintiff had been enumerated and sued in its own right." An examination of the complaint, however, which concededly was before the court, discloses in paragraphs 2 to 42 the names and identities of named individual plaintiffs and paragraphs 43 alleges that " Plaintiffs are unsecured creditors of Markson Bros., Inc." It is true that the prayer for relief seeks relief on behalf of all plaintiffs " and all other creditors similarly situated." In the light thereof it is difficult to understand how Special Term (either with or without the summons before it) could have concluded that the action was solely a class or derivative one. Orderly procedure and a proper consideration of the issues presented mandate that the motions be determined anew and orders entered that with precision and in proper form implement the decision of Special Term. (Appeal for certain parts of an order and from a judgment of Onondaga Supreme Court granting and denying certain motions.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.