**In the Matter of NORMAN FINANCE AND THRIFT CORPORATION, an Oklahoma Corporation, Debtor.**

**No. BK. 68–1007.**

United States District Court
W. D. Oklahoma.

April 1, 1969.

Charles N. Berry, Jr., Oklahoma City, Okl., Robert Rudkin, Edmond, Okl., Dennis O. Bernier, Norman, Okl., for Official Creditors Committee and creditors.

Robert F. Brandenburg, Jr., Norman, Okl., Gary Rawlinson, Edwin E. Riffel, Robert N. Naifeh, Oklahoma City, Okl., for thrift account holders.

John B. Dudley, Oklahoma City, Okl., for C. Ralph White.

Mather M. Eakes, Keith McMillin, Oklahoma City, Okl., for debtor.

Carl G. Engling, Oklahoma City, Okl., for Oklahoma Securities Comm.

David C. Matthews, Perry, Okl., for Triton Ins. Co.

Joel A. Haber, Chicago, Ill., for S.E.C.

## ORDER

DAUGHERTY, District Judge.

This matter is before the Court on a Certificate of the Referee in Bankruptcy for consideration and review of a final Order of the Referee made on February 14, 1969, and filed on February 17, 1969. The review is authorized by Title 11, United States Code, § 11(a) (10).

The questions for review are:

1. Should the consent to Plan of Arrangement filed by Richard H. Kyle and Jackie D. Kyle (holders of Thrift accounts totaling $30,000.00) be set aside based upon an alleged bribery by one Robert Morgan allegedly acting for the debtor?

2. Should the consents to Plan of Arrangement filed by William W. Middleton and Vesta L. Wrinkle (holders of Thrift accounts of $16,-633.35 and $10,711.95, respectively) be deemed withdrawn based upon an alleged fraudulent representation by the debtor?

3. Has the debtor obtained the majority of acceptances required for approval of the Arrangement both in number and amount of claims filed?

## (1) KYLES' CONSENTS

 The challenged consents were filed December 19, 1968, by the Kyles. There is no evidence of record indicating that such consents were obtained other than by regular or voluntary means. Specifically, there is no evidence of bribery on the part of Robert Morgan. Furthermore, there is no evidence that said Robert Morgan was authorized to or did in fact act on behalf of the debtor in connection with his contact and conversations with the Kyles. It is fundamental that in proceedings pursuant to Section 736(4) of Title 11 of the United States Code that the Court has the duty to determine whether or not such acceptances were made and procured in good faith, absent fraud, bribery or by any other means forbidden by the Bankruptcy Act. See Title 11, United States Code, § 761. Read In re Village Men's Shops, Inc., 186 F.Supp. 125, 129 (DC Ind.1960); Compare, In re Van Swearingen Corporation, 155 F.2d 1009, 1010-1011 (Sixth Cir. 1946); Bartle v. Markson Bros., Inc., 314 F.2d 303, 306 (Second Cir. 1963). And, of course, a debtor cannot be held legally responsible for a third person's activity directed toward gaining plan approval where such person is not acting on behalf of the debtor. Compare, In re Baldwin Locomotive Works, 21 F.Supp. 94, 105-106 (DC Pa.1937).

## (2) ATTEMPTED WITHDRAWALS BY MIDDLETON AND WRINKLE

On December 20, 1968, the Referee entered an order (filed December 27, 1968) providing in part: " * * * that the creditors are allowed up to and including January 15, 1969 within which to file their consent to or rejection of the Plan of Arrangement filed herein by the debtor." The record shows that on December 19, 1968, Vesta L. Wrinkle filed her consent for her claim of $10,-711.95; and that on January 15, 1969, William W. Middleton filed consents for his claims for $2,638.57 and $13,994.92, respectively. On January 31, 1969, Wrinkle and Middleton filed written instruments captioned "Withdrawal of Acceptance of Arrangement." And on February 14, 1969, Wrinkle filed (for the second time) a written instrument consenting to the Arrangement as to her $10,711.95 claim.

 The record reveals that all written acceptances filed herein were made and procured in good faith and there is no evidence that any acceptances, including those of Middleton and Wrinkle, were obtained either by fraudulent or other means violative of the provisions, purpose or spirit of Chapter XI of the Bankruptcy Act. Specifically,

there is no provision of law under Chapter XI permitting the withdrawal of a filed written acceptance by a creditor, absent fraud or misrepresentation. Read Vol. 9 Collier (14th Ed.), Sec. 5.-23(8), p. 655; In re Levy, 110 F. 744 (DC Pa.1901); In re Jablow, 15 F.2d 132, 133 (Second Cir. 1926); In re Conway, 39 F.Supp. 172, 174 (DC N.J. 1941). And significantly, in addition to the just referred to general rule, here we have a particular date set by the Court wherein the creditors were directed by such date to either consent or reject the proposed plan, and any attempted revocation or withdrawal of written acceptances subsequent to such date must be deemed ineffectual. See In re Pressed Steel Car Company of New Jersey, 16 F.Supp. 329, 337 (DC Pa.1936). Compare In re Van Swearingen Corporation, supra, at pp. 1011–1012.

### (3) WRITTEN ACCEPTANCES FILED

If a Chapter XI Arrangement has not been accepted by all creditors as provided in Section 761 of Title 11, United States Code, the Arrangement must be accepted in writing by a majority of affected creditors in number and in amount of claims proved and allowed. Read Vol. 8 Collier (14th Ed.), Sec. 5.23, pp. 647–649; 11 U.S.C. § 762(1). And, "creditors" under Chapter XI include the holders of all unsecured debts, demands or claims of whatever character against a debtor, whether liquidated or unliquidated, fixed or contingent. Title 11, United States Code, § 707(1). Moreover, a creditor shall be deemed "affected" by an arrangement only if such interest shall be materially and adversely affected thereby. Title 11, United States Code, § 708.

The record is clear that the affected creditors herein, under the just referred to definition, total 502 in number and hold claims aggregating $1,-259,954.15; and that of such creditors 302 in number holding claims totalling $677,191.70 filed valid written accept-ances. The Referee correctly found that the requisite majority for approval of the Arrangement both in number and amount of claims has been obtained.

The Order of the Referee under review is confirmed by the Court.