**810**

In the Matter of Daniel Martin HUM-MEL and Gladys Darlene Hummel f/d/b/a Hummel Inn, Debtors.

Daniel Martin HUMMEL and Gladys Darlene Hummel, Plaintiffs

v.

INN OF SOUTHWEST MISSOURI, Defendant.

Bankruptcy No. 81–00106–SW–11. Adv. No. 85–0325–SW–1.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

July 18, 1985.

Thomas Williams, Joplin, Mo., for plaintiffs.

Murray L. Deutchman, Rockville, Md., Ronald E. Mitchell, Joplin, Mo., for defendants.

## FINAL JUDGMENT GRANTING PLAINTIFFS' COMPLAINT FOR INJUNCTION

DENNIS J. STEWART, Bankruptcy Judge.

In this action, the plaintiffs request that the bankruptcy court enjoin a state court action which has been brought by the defendant pursuant to an agreement formerly made between the parties in the course of the hearing of another adversary action. It is the contention of the debtors that, when none of the species of nondischargeability is alleged to exist with respect to the state court action, the state court action would be futile and, further, should be enjoinable to prevent the unnecessary harassment by the defendant of the plaintiff debtors.

The request for injunction came on before the court for hearing of its merits on November 8, 1984, in Joplin, Missouri,

whereupon the debtors appeared by counsel, Thomas L. Williams, Esquire, and the defendant also appeared by counsel, Murry Deutschman, Esquire. The parties then relied upon the files and records of the prior proceedings in this court, in the district court, and in the United States Court of Appeals for the Eighth Circuit. As relevant, the files and records of the prior proceedings in this court demonstrate that, during the trial of a prior adversary action between the parties, *Burden et al. v. Hummel*, 23 B.R. 8 (Bkrtcy.W.D.Mo.1982), the parties agreed on the record and in the course of the trial itself that the claims of the Inn of Southwest Missouri which are now sought to be enjoined should be tried in the state trial court. Consequently, these claims were dropped from any consideration in the trial before the bankruptcy court. The trial of the other claims and counterclaims in this court culminated in a judgment for the debtors and against the Inn of Southwest Missouri in the sum of $20,958.27. On appeal to the district court, the judgment thus rendered in favor of the debtors was reversed. And, on further appeal to the United States Court of Appeals for the Eighth Circuit, the action of the district court in this regard was affirmed. In so affirming the action of the district court in an unpublished opinion, the court of appeals denied the appeal of the Inn of Southwest Missouri asserting that they should be entitled to an affirmative judgment on certain of their counterclaims. The substance of the reasoning of the court of appeals in this regard was that those claims of the Inn of Southwest Missouri which had *not* been agreed to be tried separately in a state court were foreclosed by the prior agreement of the parties that certain real property would be returned to the Inn of Southwest Missouri by the debtors as the "indubitable equivalent" of their claims against the debtors.

It was after the "indubitable equivalent" agreement was made by and between the parties, however, and during the trial of *Burden v. Hummel, supra*, that the debtors agreed with the Inn of Southwest Missouri that the claims which are the subject of this controversy should be tried in a state court and not in the bankruptcy court. The claims were, as noted above, consequently dismissed by the bankruptcy court from *Burden v. Hummel, supra*, in consonance with the parties' agreement.

■ With respect to the claims of the Inn of Southwest Missouri which were submitted to this court in the trial of *Burden v. Hummel, supra*, this court has no trouble in concluding that they have been fully discharged in bankruptcy. As asserted in the civil action of *Burden v. Hummel, supra*, the claims had potential meaning only as possible setoffs or reductions to the recovery of the debtors in that action. Cf. section 553 of the Bankruptcy Code. (Even considering them in that limited scope of possible effect, however, this court found the claims to be unavailing and, as observed above, was in this regard affirmed by the appellate courts.)

With reversal of this court's award to the debtors, however, these claims can have no independent significance, absent any basis for their nondischargeability, which has never been asserted by the Inn of Southwest Missouri.

■ The Inn of Southwest Missouri, however, contends that the claims which are now pending in a state court are not subject to the same principles; that the debtors agreed to their severance from the other claims tried in *Burden v. Hummel, supra*; that the agreement to sever them and try them elsewhere was approved by this court; that the agreement and its approval were made after the "indubitable equivalent" agreement between the parties; that, therefore, with knowledge of their right under the "indubitable equivalent" agreement to have the debts discharged in accordance with the "indubitable equivalent" provision, the debtors, by their counsel, nevertheless agreed to have the claims tried against them in a state court; that, accordingly, they must be deemed to have modified the "indubitable equivalent" agreement so as to incur additional potential liability of their own free

will; and that it follows that they thereby agreed to give to the claims which are presently pending in a state court a legal significance beyond their potential as mere setoff against any recovery which the debtors might have obtained in *Burden v. Hummel, supra.*

But it has never been suggested that the agreement of the debtors was anything more than that these claims might be tried and determined in a state court. It is neither stated nor shown that the debtors agreed that any judgment rendered by the state court would have any significance other than as a potential setoff against any recovery by the debtors in *Burden v. Hummel, supra.* And it is perfectly within the discretion of a bankruptcy court to permit the reduction of a dischargeable claim to judgment in a state court. See, e.g., *In re Axton*, 641 F.2d 1262, 1273 (9th Cir.1981). This court accordingly concludes that, when no recovery was gained by the debtors in *Burden v. Hummel, supra*, the state court claims lost all significance altogether. Therefore, it would be an unwarranted and unnecessary burden on the debtors for them to be compelled to defend the state court actions and the trying of those actions to judgment would be futile and useless and would constitute harassment of the debtors. Accordingly, the within motion for injunction should be granted.

The result might be different if the Inn of Southwest Missouri had not declined to make a showing of nondischargeability of the indebtednesses which were sought to be reduced to judgment in the state court. But, in the hearing held by this court on November 8, 1984, the Inn of Southwest Missouri was granted an explicit opportunity by the court to make a showing of nondischargeability, which opportunity was expressly declined by its counsel.

■ Without a decree of nondischargeability, however—which, as noted above, the plaintiff has declined an explicitly-granted opportunity to seek—the defendant's rights against the debtors are confined to the amount which would be received in straight liquidation proceedings. Although the creditor may have an agreement from the debtors for more, that agreement is not enforceable outside the title 11 proceedings, absent the formal reaffirmation procedures described in section 524 of the Bankruptcy Code,[1] beyond the amount which would have been received in straight liquidation. Otherwise, within the title 11 proceedings, a promise by the debtors in a chapter 11 reorganization case may be freely amended so as to accord a creditor only the liquidation value.[2] For it is only required in modern reorganization proceedings that the value granted to creditors "compare ... favorably with probable liquidation payments." *Bartle v. Markson Bros., Inc.*, 314 F.2d 303, 305 (2d Cir.1963). And, in this case, the defendant has already accepted property of a value which it has agreed to have fully satisfied its claim.

Accordingly, it is hereby

**1.** According to the provisions of former section 524 of the Bankruptcy Code, which is applicable to this case, "(a)n agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if (, *inter alia,*) ... the court approves such agreement as ... not imposing an undue hardship on the debtor or a dependent of the debtor; and ... in the best interest of the debtor; or ... entered into in good faith and in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title." As noted in the text of this memoran-

dum, the approval of the court in this case only purported to attach to an agreement for the reduction of dischargeable claims elsewhere. And, as also pointed out in the text of this memorandum, those claims only had significance as potential setoffs against any recovery by the debtors against the defendant.

**2.** "The proponent of a plan of the reorganized debtor may modify such plan at any time after confirmation ... Such plan as modified ... becomes the plan only if the court, after notice and a hearing, confirms such plan, as modified, under section 1129 of this title, and circumstances warrant such modification." Section 1127(b), Title 11, United States Code.

ORDERED, ADJUDGED AND DE-CREED that the defendant be, and it is hereby, restrained and enjoined permanently from further prosecuting the actions against the debtors which are currently pending in the Circuit Court of Jasper County, Missouri, and which are the same claims as those formerly dismissed from *Burden v. Hummel, supra.*