KEECH et al. v. STOWE-FULLER CO.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1913.)

No. 2,344.

CORPORATIONS (§ 580*)—REORGANIZATION AGREEMENT IN FORECLOSURE SUIT—CONSTRUCTION AND OPERATION—RIGHTS OF CREDITORS.

Pending foreclosure suits against a corporation, a reorganization plan was agreed on by the bondholders and stockholders, by which the property was to be bought in, and the claims of the general creditors, if small, were to be paid in full, and the larger claims at 50 per cent., conditioned on their acceptance by a date fixed. Claimant was a creditor which had filed a mechanic's lien, and was made a party to the suit in which it set up its lien and claimed the right to payment in full. Pending negotiations between it and the reorganization committee, and while the latter held its claim under consideration the time for coming in under the 50 per cent. provision of the plan expired, and the property was sold and bought in by the committee, subject to claimant's lien if it should be adjudged precedence over the mortgage, which was subsequently denied. *Held*, that claimant was not chargeable with laches in failing to file its claim under the reorganization plan, the delay having been caused by the committee, and that it was within the discretion of the court to require payment of its claim at 50 per cent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2319–2321; Dec. Dig. § 580.*

Liabilities enforceable against reorganized corporations, see note to Armour v. E. Bement's Sons, 62 C. C. A. 147.]

Appeal from the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by the Central Trust Company of New York against the Columbus & Hocking Coal & Iron Company. From an order requiring Frank B. Keech and others, constituting a reorganization committee, to pay 50 per cent. of the claim of the Stowe-Fuller Company, a creditor, the committee appeals. Affirmed.

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Carl Ehlermann, Jr., of New York City, for appellants.

H. H. Henry, of Cleveland, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. This appeal is taken by the reorganization committee of the Columbus & Hocking Coal & Iron Company (hereafter called the Iron Company) from an order (made in the foreclosure suit of Central Trust Company of New York against the Iron Company) requiring the committee to pay appellee 50 per cent. of its claim in cash. The pertinent facts are these:

On January 25, 1910, under creditors' bills, receivers were appointed over the property of the Iron Company, as well as of the Columbus-Hocking Clay & Brick Manufacturing Company (hereafter called the Brick Company); the latter company being a subsidiary of and practically owned by the Iron Company. A reorganization agreement was made between bondholders and stockholders of the Iron Company, looking to the acquisition by the committee of all the properties of the Iron Company and the organization of a new corporation. This reorganization plan contemplated the issue of $2,000,000 of bonds and $4,600,000 of common stock; the holders of the old bonds were to receive 75 per cent. thereof in' new first mortgage bonds and 50 per cent. in new common stock; and the old stockholders (on paying $10 per share) were to receive par in new first mortgage bonds "for such payment"—the old preferred stockholders to receive also par in new common stock, and the old common stockholders 50 per cent. of par on their old stock. General creditors holding claims of $100 or under were to receive 100 per cent. in cash; claims of over $100 to be paid 50 per cent. in cash. Creditors were required to come in by October 29, 1910, in order to get the benefit of the agreement.

Appellee was a creditor of the Brick Company, and claimed a mechanic's lien for materials furnished, and before the mortgage foreclosures, to which we are about to refer, filed its claim of such lien. After the lien was filed, appellee applied to and received from the committee a copy of the reorganization agreement. The committee was duly advised of this claim of lien and of appellee's contention that its claim should be paid in full, instead of at 50 cents on the dollar. Negotiations between appellee and the committee were carried on from August, 1910, until some date (not appearing in the record) later than May 23, 1911, on which date (May 23d) the committee advised appellee that they had still "under consideration" the matter of appellee's lien "and shall endeavor to reach an early decision and to inform you promptly of it." Later the committee seems to have refused to recognize the mechanic's lien as payable in full. It denies any obligation to pay 50 per cent. thereof, because claim therefor was not filed before October 29, 1910. Meanwhile three suits had been instituted for the foreclosure of three separate mortgages, the first two given by the Iron Company, the third by the Brick Company. In these suits decrees were made on May 16th and May 29th respectively; the amount found due under the Iron Company's mortgages being respectively up-

wards of $700,000 and upwards of $1,000,000, and under the Brick Company's mortgage upwards of $1,200,000. The order of sale in the first-named Iron Company foreclosure suit provided for an upset price of $375,000, and in each of the other suits the upset price was placed at $250,000. In each of these foreclosure proceedings appellee was made a defendant. It allowed the Iron Company foreclosure bills to be taken as confessed, but answered in the Brick Company foreclosure, asserting its lien. The properties of the old company were bid in by the reorganization committee at the upset prices stated. The Brick Company property was purchased subject to such liens of appellee and others as might have precedence over the Brick Company mortgage. That mortgage, however, was for more than the value of the Brick Company's property; and it seems to be conceded that the lien is ineffective as against the mortgage and the foreclosure sale.

Before the confirmation of the foreclosure sales appellee filed its petition, asking leave to intervene and that the foreclosure sales be set aside, and for other and general relief. The sales were confirmed, the court retaining appellee's claim for further consideration and additional evidence. Later the petition to intervene was denied and the order appealed from made. In its opinion under which this order was made, the court said, among other things, that:

"The reorganization committee delayed a final answer from time to time on the ground that it was examining into the nature of such claim and was considering what disposition must be made of it. There was no want of diligence on the part of the Stowe-Fuller Company. The delay was due to the reorganization committee."

This statement of fact is abundantly sustained by the record, and sufficiently answers the committee's contention that appellee's exclusion from the benefits of the reorganization was due to its own laches. The general proposition that creditors who refuse to take the benefit of a reorganization agreement are cut off from all claims on the corporate assets has thus no application under the circumstances here shown. The court concluded that:

"Equity and good conscience forbid a denial of the right of this claim to participate in the distribution which the committee on reorganization rendered [tendered?] to such as might choose to come into the proposed arrangement. * * * The claimant was warranted in assuming fair treatment, and in delaying its assent to the acceptance of the 50 per cent. of its claim until the committee determined whether or not the claim would be paid in full. An adverse determination ought not to operate to a total exclusion of the claimant's right to participate as a common creditor."

In the court's conclusion of the right and equity of appellee to come in under the reorganization agreement we fully concur. No question is made of the validity of appellee's status as a creditor of the old Iron Company. That it had a right, up to October 29, 1910, to take the benefit of the reorganization agreement is clear. The assets of the Iron Company were in the hands of the court. The reorganization committee was proposing to take over all those assets, and (as stated on the argument without denial) in fact paid therefor in securities of the old company. The very fairness of the plan adopted would naturally tend to prevent other reorganization measures for the protection

of creditors. Under the circumstances shown, appellee was justified in delaying its acceptance of the 50 per cent. provision. There is no suggestion, nor can there well be, that the committee has suffered loss from appellee's delay in taking advantage of the provision for a 50 per cent. payment. No element of estoppel has intervened. The fact that appellee allowed the foreclosure bills to be taken as confessed cuts no figure. It turns out that the property against which appellee claimed its mechanic's lien was not covered by the Iron Company's mortgages. The court below had jurisdiction over the subject-matter of appellee's claim. It had the right and power to protect the equities of creditors, including appellee. In confirming the sales it expressly reserved the protection of such right as appellee should establish. In making the order appealed from, the court did but exercise the sound judicial discretion committed to it. There is nothing in Northern Pacific R. R. Co. v. Boyd, 228 U. S. 482, 33 Sup. Ct. 554, 57 L. Ed. —— (decided by the Supreme Court April 28, 1913), opposed to this conclusion. Relief was there given to the creditor without whose consent the reorganization agreement was made.

We see no merit in the suggestion that the committee has been heard only on the application for leave to intervene, and that, as to the right to come in under the reorganization agreement, there has been "no pleading, no issue joined, and no hearing on the issue joined." The committee seems to have fully presented its showing on this question. It does not appear to have asked opportunity for further showing.

The order appealed from is affirmed, with costs.