## In re REALTY ASSOCIATES SECURITIES CORPORATION.

### No. 45024.

District Court, E. D. New York.

Nov. 24, 1943.

See, also, 53 F.Supp. 1012, 1013, 1015.

Halpin & Keogh, of New York City (Eugene J. Keogh, of New York City, of counsel), for trustees.

Archibald Palmer, of New York City, for Anna A. and Catherine Kuhlmann.

George Zolotar, of New York City, for Securities and Exchange Commission.

Harold W. Newman, Jr., of Washington, D. C., for Bondholders Advisory Committee.

Herrick & Feinstein, of Brooklyn (Abraham Feinstein, of Brooklyn, of counsel), for Bondholders Directors Committee.

James F. Dealy, of New York City, for Amalgamated Properties, Inc.

Auchincloss, Alley & Duncan, of New York City (James B. Alley, of New York City, of counsel), for debtor.

Root, Clark, Buckner & Ballantine, of New York City (Owen D. Nee, of New York City, of counsel), for Consolidated Realty Corporation.

MOSCOWITZ, District Judge.

This is an application made by the trustees for an order authorizing them to pay claims of 53 creditors, amounting in all to $4,466.04. A list of said claims is annexed to the petition.

It appears from the trustees' petition that most of the creditors whom they seek to pay on this application are persons who furnished services to the debtor in connection with the operation and maintenance of real property owned by the debtor. The petitioners desire that these persons continue to render similar services to them while they are conducting the business of the debtor as trustees. The trustees state that at the present time it is very difficult to obtain competent workmen and contractors to furnish such services and that some of the creditors have refused to render further services to the trustees until the amounts due them from the debtor have been paid.

The court takes judicial notice of the fact that now in this period of war there is a scarcity of labor and materials. It is quite necessary that the trustees, in order to conserve the assets of the debtor, make necessary repairs to properties owned by the debtor, and the trustees can best accomplish this by maintaining a cordial relationship between themselves and these creditors. It might be difficult, if not impossible, to obtain contractors to do the necessary work and it would be far better to pay the small sums that are due these creditors in order to encourage them to do the necessary work to keep in repair the debtor's property. There are ample assets to pay the claims of these small claimants in full without impairing the cash requirements for the operation of the debtor's estate. The conclusion seems inescapable that it is highly desirable that these payments be made as it would materially aid the proper administration of the estate.

The question remains whether there is authority in the court to authorize the payment. Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., contemplates that there shall be no unfair discrimination between creditors of the same class. It is the established practice to make payment to small claimants. Such discrimination is permissible. It does not violate Chapter X. In such instance the rule of de minimus applies and provision for the small claimants may be made prior to the approval of the plan. See Keech v. Stowe-Fuller Co., 6 Cir., 205 F. 887; In re New Rochelle Coal & Lumber Co., 2 Cir., 77 F.2d 881; Brockett v. Winkle Terra Cotta Co., 8 Cir., 81 F.2d 949; In re Paramount Publix Corporation, D.C., 7 F.Supp. 988.

George Zolotar, Esq., counsel for the Securities and Exchange Commission, has submitted a memorandum calling attention to the fact that payment of small merchandise claims was authorized during the course of the Chapter X proceedings in-

volving McKesson & Robbins, Inc., Docket No. 72,697, S.D.N.Y.[1], and Adolf Gobel, Inc., Docket No. 79,526, S.D.N.Y.[1]

Motion will be granted.

---

[1] No opinion for publication.