**In re Charlotte Mae FIZER, Debtor.**

**Bankruptcy No. 2 79–03012.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Dec. 3, 1979.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Frank M. Pees, Trustee, Worthington, Ohio.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13 plan proposed by Charlotte M. Fizer. The terms of the plan proposed are the payment of $151.00 bi-weekly for forty-eight (48) months to the Chapter 13 trustee in order to pay, in full, two partially secured creditors of the debtor, namely Credit Thrift (secured in household goods) and First National Bank of Chillicothe (secured in a 1979 Pontiac Bonneville). The plan proposes to pay nothing to any creditor other than the two mentioned.

At the hearing on confirmation it was revealed that both of the debts proposed to be paid in full are, in fact, only partially secured. The listed obligation to Credit Thrift Loan Company is $3,603.60 (a proof of claim filed on behalf of Credit Thrift lists a total amount owed of $3,495.98) and the collateral securing the loan appears to be worth no more than $1500.00. The obligation owed to First National Bank of Chillicothe is listed at $10,044.76 and is secured in a 1979 Pontiac Bonneville which is valued in the schedules at $7,500.00, but may in fact be worth less than that amount.

Both Credit Thrift Loan Company and First National Bank of Chillicothe, by virtue of their status as partially secured creditors, have two claims in this proceeding, a secured claim to the extent of the value of their security, and an unsecured claim for the balance. See, 11 U.S.C. § 506(a). To the extent that each possesses an unsecured claim, and each is to be paid a 100% dividend by the terms of the plan, Credit Thrift and First National Bank are being preferred over other holders of unsecured claims in this proceeding. The provisions of § 1322 of Title 11 of the United States code are relevant on this question.

"§ 1322. *Contents of Plan.*

(a) The plan shall—

. . . . .

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated;" 11 U.S.C. § 1322(a) and (b).

 In the context of this case, the clear provisions of the statute prohibit the disparate treatment of unsecured claimants. Credit Thrift and First National Bank will receive a 100% dividend on their unsecured claims, while the other unsecured claimants will receive nothing. No rational basis has been advanced to this Court why the discriminatory treatment proposed by this debtor should be allowed in light of the "fairness" standard imposed by the statute. This discriminatory treatment, which is unfair on its face, has not been justified to this Court. While there has been no formal objection made by any creditor to confirmation of this plan, the Chapter 13 trustee, who has a right and obligation to be heard with respect to confirmation [see, 11 U.S.C. § 1302(b)(2)(B)], has interposed his objection to confirmation. This objection, along with this Court's independent duty to confirm only those Chapter 13 plans which comply with all the provisions of Chapter 13 [see, 11 U.S.C. § 1325(a)(1)] (a duty which is magnified by the inability of the holders of unsecured claims to vote to accept or reject a Chapter 13 plan), must be overcome if confirmation is to occur. The debtor has failed in her burden in this respect.

 There is a second prohibition to confirmation in this case and that is found in the provisions of subsection (c) of § 1322. That section provides:

"(c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(c).

The plan filed by the debtor in this case calls for payments over a period of forty-eight (48) months. There was no cause of any kind shown or even addressed at the hearing on confirmation in this proceeding which would permit this Court to confirm a plan of this length. The debtor has again failed to show all the necessary elements which could permit the Court to confirm this plan.

Based upon the foregoing findings, the Court hereby determines that confirmation of the Chapter 13 plan proposed herein should be, and the same is hereby, denied. A dismissal order will enter in this case.

IT IS SO ORDERED.