**In re Rodney (Dale) CRAGO, Deborah L. (Lynn) Crago, Debtors.**

**Bankruptcy No. 2–79–03202.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Jan. 21, 1980.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## ORDER DENYING CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of the Chapter 13

plan proposed by Rodney and Deborah Crago. The plan provides for the payment of $46.00 per week to the Chapter 13 trustee for a period of thirty-six (36) months, payment of secured claims in full to the value of the collateral, and the payment of all unsecured claims at a dividend rate of 30%. Two creditors of the debtors, specifically the Second National Bank of Circleville (a partially secured creditor) and Household Finance Corporation (an unsecured creditor) are to be treated specially under the plan. These two creditors are to be paid in full over the life of the plan.

The plan proposed by the Cragos classifies unsecured claims by proposing to pay some unsecured claims at a dividend rate of 30%, and other unsecured claims at a dividend rate of 100%. The provisions of § 1322(b)(1) of the Code state that the classification of claims chosen by a debtor may not discriminate unfairly against any class so designated. The purported justification for treating the unsecured claims of the Second National Bank of Circleville and Household Finance Corporation differently from other unsecured claims is that each of these creditors has a co-signer on the claim, specifically a Myron Fuller of Circleville, Ohio, the father of Deborah Crago. The question before the Court in respect to confirmation of this Chapter 13 plan is whether or not this classification of claims chosen by the debtors discriminates unfairly against those unsecured creditors who are to receive a 30% dividend in this case.

■ There is little guidance in the legislative history of the enactment of the Bankruptcy Code as to what standard of fairness might be appropriate in passing upon the classification of claims. This Court has previously held that the payment of certain unsecured claims outside the terms of a Chapter 13 plan, and others inside the terms of a Chapter 13 plan, constituted unfair discriminatory treatment prohibited by § 1322 of the Bankruptcy Code. See, *In Re Blevins*, 1 B.R. 442, Bankr.L.Rep. (CCH), ¶ 67,282 (Bkrtcy.S.D.Ohio, 1979) and *In Re Tatum*, 1 B.R. 445, Bankr.L.Rep. (CCH), ¶ 67,283 (Bkrtcy.S.D.Ohio, 1979). The debtors in this case have advanced no argument or rationale which would lead this Court to conclude that the classification chosen in this case is non-discriminatory. The value of a co-signature to the creditors in this case has not been put in the record before the Court. In passing upon the fairness of a classification chosen by the debtors, it would appear relevant for this Court to be aware of whether or not the co-signer would or could be pursued for that portion of the debt which is not provided for by the Chapter 13 plan of the debtors. It could be that the existence of a co-signature on a claim is valueless because of the uncollectability of the non-filing co-signer. Without more, the mere existence of a co-signature on a claim does not warrant automatic justification for its classification in a preferred class of creditors in a Chapter 13 plan. Furthermore, there may be other methods by which the co-signed debt can be handled within the ambit of a Chapter 13 proceeding which will protect both the debtor and the individual who has co-signed for the debtor without unfairly classifying these claims.

The classification of a claim, based upon whether or not a co-signature exists with respect to such claim, was certainly not expressly ratified as non-discriminatory by Congress. First of all, there is no mention of this potential classification in the legislative history of the Code. Secondly, § 1301(c)(2) of the Bankruptcy Code specifically authorizes this Court to lift the stay of action against a co-debtor in a Chapter 13 proceeding to the extent that the plan filed by the debtor proposes not to pay such claim. Thus, Congress contemplated that Chapter 13 plans would not necessarily propose full payment of all co-signed debts.

■ The classification of claims in a Chapter 13 plan is a troublesome problem. The Court is to confirm only those plans that meet the standards set forth in § 1325 of the Code. It remains the burden of a debtor proposing a plan to show to the Court that the requisite tests for confirmation have been met. The debtors in this case have failed in that burden.

■ It is this Court's conclusion, based upon the record before it, that the classification of claims chosen by these debtors discriminates unfairly against those unsecured claimants who are to receive only a 30% dividend in this case.

Based upon this finding, the Court hereby determines that confirmation of this Chapter 13 plan must be, and the same is hereby, denied.

IT IS SO ORDERED.