In re William Kyle WOLFF, individually and dba Town & Country Electric, Debtor.

AMFAC DISTRIBUTION CORPORATION, Appellant,

v.

William Kyle WOLFF, individually and dba Town & Country Electric, Appellee.

BAP No. CC–81–1010–HKG.

Bankruptcy No. SB–80–01593–WH.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued June 17, 1981.

Decided June 29, 1982.

Robin L. Riblet, Stutman, Treister & Glatt, P. C., Los Angeles, Cal., for appellant.

Norman L. Hanover, a Law Corp., San Bernardino, Cal., for appellee.

## OPINION

Before HUGHES, KATZ and GEORGE, Bankruptcy Judges.

PER CURIAM:

Amfac appeals from an order overruling its objections to confirmation of the debtor's plan in a business Chapter 13 case. It contends that the plan (1) impermissibly classifies two unsecured creditors and (2) is not in the best interest of creditors.

We treat the order appealed as an order of confirmation and reverse.

### I. Claims Classification

One challenge to the plan is that it violates § 1322(b)(1) by unfairly discriminating among the unsecured creditors. Section 1322(b)(1) permits the plan to create classes of unsecured claims as provided in § 1122 as long as the classification does not discriminate unfairly. Section 1122 allows for classification of claims which are "substantially similar" and for classification when reasonable and necessary for administrative convenience. We find that the debtor failed to show that his plan did not unfairly discriminate in its classification scheme.

The record shows that two creditors to be paid in full were the debtor's current insurance company and the materials supplier to whom the debtor owed the least. The debtor's rationale for the plans' payment scheme was that he would be unable to do business in the future without the cooperation of these creditors. The record is devoid of any evidence in support of this allegation.

The debtor failed to establish that his future viability was dependent on the cooperation of these creditors. On cross-exami-

**512**

nation, the debtor admitted that he had not inquired of any other supplier in his area whether a business relationship was possible. Similarly, the debtor admitted that he had not contacted any other insurance carriers to discuss the availability of coverage. On these facts, the debtor's bald assertion of need fails to satisfy his burden of proof.

Appellant argues vigorously that the debtor had no legal right to differentially classify his unsecured claims. The view of *In re Iacovoni*, 2 B.R. 256 (Bkrtcy.D.Utah 1980), that only administrative convenience or equitable subordination justifies differential classification, is urged on the Panel. Appellee promotes the spirit of *In re Sutherland*, 3 B.R. 420 (Bkrtcy.W.D.Ark.1980). *Sutherland* held that in a case where a Chapter 7 liquidation would yield nothing for unsecured creditors, a Chapter 13 plan cannot unfairly discriminate because no unsecured creditor can expect to receive anything. Appellee argues for an unfettered right to discriminate in classification.

The language of § 1322(b)(1) and § 1122(a) is imprecise, but we do not believe that it supports the narrow construction of *Iacovoni*. There, in reliance of the 15th Ed. Collier's comment on § 1122, the court held that all unsecured creditors with claims of the same nature or character have a similar right to the assets of the estate.

We believe that the better result is that there will be occasions where unsecured claims might be classified and treated differently, even though the legal character of the claims is identical and the treatment is discriminatory, but not unfairly so.

We believe that the test created in *In re Kovich*, 4 B.R. 403 (Bkrtcy.Mich.1980), and refined in *In re Dziedzic*, 9 B.R. 424 (Bkrtcy.Tex.1981), more reasonably sets forth the interpretation to be placed upon § 1322. The test is (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination. Restating the last ele-

ment, does the basis for the discrimination demand that this degree of differential treatment be imposed?

We believe that the evidence in this case indicated that the debtor has failed to carry his burden on all elements.

## II. Best Interests of Creditors

Section 1325(a) provides for confirmation of Chapter 13 plans. One of its requirements is that the present value of what creditors will receive under the plan is not less than what they would receive in a liquidating bankruptcy. 11 U.S.C. § 1325(a)(4). The trial court overruled appellant's objection that the "best interests test", as § 1325(a)(4) is referred to, was not met.

We hold that this was reversible error because the court improperly allocated the burden of proof and failed to find the subsidiary and ultimate facts necessary to support its order. Furthermore, any implied finding that § 1325(a)(4) had been satisfied was clearly erroneous.

### A. Burden of Proof

The trial court held that the "burden is upon the creditor objecting to confirmation of a debtor's Chapter 13 plan to prove that the best interests' test has not been met."

 It is well established that the burden of proof rests on the party who asserts the affirmative of an issue. *Maxwell Land Grant Co. v. Dawson* (1898), 151 U.S. 586, 604, 14 S.Ct. 458, 463–464, 38 L.Ed. 279. A plaintiff has the burden of making out his case in order to warrant relief. *New Orleans and N.E.R. Co. v. Harris* (1918), 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167.

 Similarly, the proponent of a Chapter 13 plan has the burden of proof as to its confirmation. *In re Elkind*, 4 C.B.C.2d 687, 11 B.R. 473 (Bkrtcy.D.Colo.1981, Moore B. J.). *In re Crago*, 4 B.R. 483 (Bkrtcy.S.D. Ohio 1980, Sidman B. J.).

### B. Sufficiency of Findings

■ Findings of fact are found in the court's Memorandum Re Objections to Confirmation, prepared and filed by the judge, and in Findings of Fact and Conclusions of Law, prepared by the debtor's attorney. The only references in the two documents relevant to the best interests of creditors element of § 1325(a)(4) were:

*Memorandum*: "With respect to valuation, the debtor's schedules set out what the debtor believes its assets to be worth and he was examined by Ms. Riblett and Mr. Norman Hanover, debtor's counsel, with respect to the valuations. No other evidence was presented on the subject. Therefore, the only evidence before the court is the prima facie evidence given by the debtor, which after examination, still stands. Therefore, this objection is overruled."

*Findings of Fact*: "2. The Debtor has filed with this Court schedules of assets to which assets he has assigned values based on his personal belief, which is the only evidence before the Court."

*Conclusions of Law*: "2. The Debtor has made a prima facie showing of the value of his assets."

The foregoing findings of fact are insufficient to justify confirmation of the debtor's plan.

#### (1)

Bankruptcy Rule 752 requires the Court to "find the facts specially and state separately its conclusions of law thereon..." The element of confirmation at issue, Section 1325(a)(4), requires a finding of ultimate fact that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date."

The Court not only failed to make an express finding that section 1325(a)(4) was satisfied but failed to make the special findings of fact that are necessary to support that finding of ultimate fact.

"[T]he findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." 9 Wright & Miller § 2579 (p. 710), citing *Kelley v. Everglades Drainage District*, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943) and *Schneiderman v. U. S.*, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943). "The nature of the evidentiary findings sufficient and appropriate to support the court's decision ... is for the trial court to determine in the first instance in light of the circumstances of the particular case. We hold only that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion." *Kelley v. Everglades Drainage District*, supra.

In order to make the finding of ultimate fact required by section 1325(a)(4), the trial court must also find specially such subsidiary facts as:

a. Value of property to be distributed under plan, without regard to when distributed.

b. Present value of such property; i.e., "as of the effective date of the plan."

c. Allowable unsecured claims under the plan and in Chapter 7, or a finding that such claims would be substantially the same.

d. Amount payable on unsecured claims in Chapter 7.

None of the foregoing relevant facts were specially found. Accordingly, the findings are insufficient, both as to subsidiary and ultimate facts, to support the order overruling objection to confirmation.

#### (2)

Were it possible to find support for the court's ruling from the record, the absence of special findings might be excused. Our examination of the record, however, leaves us with the firm conviction that any implied finding that section 1324(a)(4) had been satisfied would be clearly erroneous. Bankruptcy Rule 810.

Evidence relevant to section 1325(a)(4) issues consisted of (a) the debtor's schedules of assets and liabilities, (b) the plan, and (c) the debtor's testimony on the present value of one asset.

The schedules, subject to judicial notice under Rule 43 F.R.C.P., disclosed these nonexempt assets:

| | | |
|---|---|---|
| Inventory | $12,113 | |
| Mechanics lien claims | 6,710 | |
| Accounts receivable | 6,722 | |
| Secured note | 42,000 | 20,000 |
| | $67,545 or | $45,545 |

The secured note was listed at its face amount of approximately $42,000 and at its "discounted" value of $20,000. Thus, the debtor's prima facie evidence on value of · assets available to satisfy unsecured claims was either $67,545 or $45,545.

The promissory note, although fully secured by real property, was not payable until the debtor's former wife remarried or until 1985. Thus the present value of the note was something less than the face amount. The court did not find specially the present value of the note.

The debtor's plan proposes total payments to the trustee of $37,080 at the rate of $1030 per month for 36 months. The plan proposed by the debtor would pay $37,-080 on unsecured claims, while on liquidation in Chapter 7 there would be $45,545 or more for such claims. Thus even without discounting the Chapter 13 stream of payments to obtain present value and accepting debtor's discount of his note by more than 50%, any implied finding that unsecured claims would receive as much under this Chapter 13 plan as in Chapter 7 liquidation would be clearly erroneous.

### III

We reverse and remand for further proceedings not inconsistent with this opinion.

HUGHES, Bankruptcy Judge, concurring:

I fully concur in part II and I concur in Part I's result. I write separately because I believe the panel's construction of 11 U.S.C. § 1322(a)(3) and § 1322(b)(1) is erroneous.

Under the plan, an insurance company and a supplier would be paid 100% on their claims. All other unsecured creditors would be paid 50%. The debtor's justification for different treatment of the 100% class is that he needs their services to remain in business. The court held that the classification was rational and that the plan "does not discriminate unfairly against creditors in designated classes."

The majority reads the controlling statutes as permitting discrimination among creditors of the same class so long as it is not unfair but concludes that the debtor has failed to satisfy even this burden. I would hold that the classification is impermissible under 11 U.S.C. § 1322(b)(1) and violates 11 U.S.C. § 1322(a)(3) in that the plan does not provide the same treatment to all claims of the same legal nature. I would not reach the unfair discrimination question.

### A.

Classification of unsecured creditors was not permitted under the predecessor to Chapter 13. Section 646 of the Bankruptcy Act governed plans under former Chapter XIII. While the plan could provide for secured creditors "severally," it required that unsecured creditors be provided for "generally." See, § 646(1), (2) of the Bankruptcy Act as amended. This was read to mean that all unsecured creditors were entitled to equal treatment. Collier on Bankruptcy, 14th Ed. Vol. 10, ¶ 28.02.

Chapter 13 departs from that standard. The relevant provisions are:

Section 1322(b)(1):

"[Subject to subsection (a) and (c) of this section, the plan may] designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated,";

Section 1122(a):

"Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claims or interest is substantially similar to the other claims or interests of such class."

Section 1122(b):

"A plan may designate a separate class of claims consistent only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience."

Section 1322(a)(3):

"[The plan shall], if the plan classifies claims, provide the same treatment for each claim within a particular class."

## B.

The sole authority for classification of unsecured creditors in Chapter 13 is contained in the following portion of § 1322(b)(1): "[The plan may] designate a class or classes of unsecured creditors *as provided in § 1122...*" (Emphasis supplied). Neither the prohibition of unfair discrimination in § 1322(b)(1) nor the limitation contained in § 1322(a)(3) *permit* classification of unsecured claims. Those provisions impose additional limitations on unsecured claims classification.

The basic limitation, found in § 1122(a), is that claims may be placed in a particular class only if they are substantially similar to other claims of such class. Several courts that have examined this provision under the Code have construed substantial similarity to mean the legal nature of the respective claims. *In re McKenzie*, 4 B.R. 88 (Bkrtcy.W.D.N.Y., 1980, Creahan, B. J.); *In re Iacovoni*, 2 B.R. 256 (Bkrtcy.D.Utah, 1980, Mabey, B. J.); *In re Montano*, 4 B.R. 535 (Bkrtcy.D.D.C.1980, Whelan, B. J.); *In re Barnes*, 7 B.C.D. 961 (D.D.C.1981).

This is understandable in light of the legislative notes, which state that § 1122 "codifies current case law surrounding the classification of claims... It requires classification based on the nature of the claims ... classified..." H.R.No.95–595, 95th Cong. 1st Sess. (1977) 406; S.R.No.95–989, 95th Cong. 2nd Sess (1978) 118, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6362.

The case law existing at the time of enactment stemmed from Chapters X and XI of the former Act; in general, these cases looked to "the legal character or the quality of the claim as it relates to the assets of the debtor." *In re Los Angeles Land and Investments, Ltd.*, 447 F.2d 1366 (9th Cir. 1971); *Scherk v. Newton*, 152 F.2d 747 (10th Cir. 1945); *In re Palisades-On-The-Desplaines*, 89 F.2d 214 (7th Cir. 1937).

An example of permissible classification of unsecured claims under the Act involved claims subordinated by contract to others. *Bartle v. Markson*, 314 F.2d 303 (2nd Cir. 1963).

## C.

An exception to the rule limiting classification to claims of the same legal nature is found in § 1122(b). This section permits the debtor to place all creditors whose claims do not exceed a specified court approved amount in one class for purposes of administrative convenience. Case law under the Act permitted this type of classification of smaller claims for convenience of both the parties and the court. See *Brockett v. Winkle Terra Cotta Co.*, 81 F.2d 949, 952 (C.A.8, 1936), *In re Realty Associates Security Corp.*, 53 F.Supp. 1010, 1011 (E.D. N.Y., 1943).

## D.

Section 1122(a) is not a model of statutory clarity. In itself, the subsection seems to permit unlimited classification of unsecured claims so long as all claims in each class are "substantially similar to other claims ... of such class." Read with subsection (b), however, subsection (a) is seen as a prohibition on establishing separate classes of claims whose legal nature or character are not substantially similar. Subsection (b) is expressly excluded from the limitations of subsection (a) ["except as provided in subsection (b) ..."]. Since it permits designation of a separate class based on the size of the claim, it follows that subsection (a) is not authority for such classification even though small claims would seem to qualify as "substantially similar" to one another. In order to give subsection (a) meaning in relationship to subsection (b), and consistent with the legislation notes cited above, I would hold that subsection (a) permits designation of a separate class of unsecured claims only when the separate class is composed of claims that are substantially dis-

similar in legal nature or character to the debtor's other unsecured claims. *In re McKenzie*, supra; *In re Iacovoni*, supra; *In re Montano*, supra; *In re Barnes, supra.*

In short, claims of the same legal nature must be placed in the same class. *Scherk v. Newton*, supra; *In re Palisades-On-The-Desplaines*, supra.

### E.

Further support for this construction of section 1122(a) as incorporated into section 1322(b)(1) is found in section 1322(a)(3), which requires "the same treatment for each claim within a particular class."

Read superficially section 1322(a)(3) seems to require that all claims placed within a class designated by the plan receive the same treatment. So read, however, the requirement is without significance because any unequal treatment of claims is by definition classification.

Section 1322(a)(3) has significance, however, if "class" is read to describe the claim rather than the treatment. Thus, a plan that designates different treatment for different claims is acceptable under the § 1322(a)(3) standard only if all claims of the same legal nature or character are provided the same treatment.

### F.

In construing § 1322(b)(1) as permitting classification of unsecured claims only when all claims within a particular class are of the same legal nature, I am not unmindful of the numerous decisions that support the majority by analyzing classification on the basis of unfair discrimination alone. See, e.g. *In re Gay*, 3 B.R. 336 (Bkrtcy.D.Colo., 1980, Keller, B. J.); *In re Fizer*, 1 B.R. 400 (Bkrtcy.S.D.Ohio, 1979, Sidman, B. J.); *In re Utter*, 3 B.R. 369 (Bkrtcy.W.D.N.Y., 1980, Hayes, B. J.) as well as cases cited by the majority.

However, in focusing on the element of unfair discrimination, these cases give no weight to § 1122. In my opinion, § 1322(b)(1) does not permit consideration of unfair discrimination until the requirements of § 1122 have been satisfied.

### G.

Applying the standard of similar legal nature to the facts of this case, I conclude that the classification was impermissible. The legal character or quality of the claims entitled to full payment cannot be said to be substantially dissimilar to that of the other unsecured claims. Accordingly, the plan violates § 1322(a)(3), § 1322(b)(1) and § 1122(a) and the objection to confirmation on this ground should have been upheld.