**In re Rodney E. LEWIS and Sheila J. Lewis, Debtors.**

**Bankruptcy No. A96–00902–DMD.**

United States Bankruptcy Court, D. Alaska.

Aug. 12, 1997.

---

Daniel Weber, Anchorage, AK, for Debtors.

G. Peter Hallgrimson, Asst. Mun. Atty., Anchorage, AK, for Municipality of Anchorage.

Stephen P. Baker, Spec. Asst. U.S. Atty., Anchorage, AK, for Internal Revenue Service.

John C. Siemers, Burr, Pease & Kurtz, Anchorage, AK, for Creditor Floyd L. Carley.

Leroy K. Latta, Jr., Asst. Atty. Gen., Anchorage, AK, for State of Alaska, Dept. of Environmental Conservation.

Hugh G. Wade, Wade & DeYoung, P.C., Anchorage, AK, for Creditor Adrian Gray.

## ORDER DENYING CONFIRMATION OF PLAN

DONALD MacDONALD, IV, Chief Judge.

The debtors' amended Chapter 13 plan duly came before the court for a hearing on July 15, 1997. Dan Weber appeared on behalf of the debtors. Peter Hallgrimson appeared on behalf of the Municipality of Anchorage. Steve Baker appeared on behalf of the Internal Revenue Service. John Siemers appeared on behalf of Floyd L. Carley. Leroy Latta, Jr. appeared for the State of Alaska, Dept. of Environmental Conservation. Hugh Wade appeared on behalf of Adrian Gray. Larry Compton, Chapter 13 trustee was also present at the hearing.

■ I have reviewed the briefs of the parties regarding the State of Alaska's objection to confirmation. I find the State of Alaska's objections well taken. While the obligation to remediate the property can be an unsecured pre-petition claim subject to discharge, the debtors must comply with the laws of the State of Alaska if they desire to remain in possession of the property. As noted by the Supreme Court in *Ohio v. Kovacs*, 469 U.S. 274, 285, 105 S.Ct. 705, 711, 83 L.Ed.2d 649 (1985):

> Finally, we do not question that anyone in possession of the site—whether it is Kovacs or another in the event the receivership is liquidated and the trustee abandons the property, or a vendee from the receiver or the bankruptcy trustee—must comply with the environmental laws of the State of Ohio.
>
> Plainly, that person or firm may not maintain a nuisance, pollute the waters of the state, or refuse to remove the source of such conditions. As the case comes to us, however, Kovacs has been dispossessed and the state seeks to enforce his clean-up obligations by a money judgment.

Here, the Lewis's have not been dispossessed and the state does not seek to enforce it's clean-up obligations by a money judgment. In my view, the debtors must comply with the laws of the State of Alaska if they desire to remain in possession of the property. The requirement to clean-up the property cannot be discharged when the debtors remain in possession of such property.

■ It is clear, from my examination of the evidence, that there has been contamination of the property. The existing projections submitted by the debtors indicated that the debtors do not have the ability to incur remediation costs and make the payments

required by the second amended plan. The debtors have the burden of proof as to all confirmation issues. *In re Wolff,* 22 B.R. 510 (9th Cir. BAP 1982). Here the debtors have failed to provide evidence in accordance with 11 U.S.C. § 1325(a)(6) that they will be able to make the payments under the plan and comply with the plan. The plan in its current form is not confirmable because it does not make adequate allowance for the cost of remediation and because the debtors have failed to submit adequate proof indicating what the costs of remediation will be. Therefore, IT IS ORDERED:

1. Confirmation of the debtors' second amended Chapter 13 plan is denied;

 2. The debtors are given thirty (30) days within which to file an amended plan. Any amended plan must fully comply with the requirements of AK LBF–5. The debtors' non-conforming plan is too difficult to administer. I found the payment provisions of the debtors' second amended plan to be very confusing. Even in the absence of the environmental issues, the payment provisions of the plan must be specific. Any amended plan which contains "maximum" or "estimated" amounts can not be confirmed. The debtors must list precise amounts and the precise dates to ensure full compliance with the provisions of the Code and to make any amended plan enforceable by the trustee and other interested parties.